NEIL W. SWINTON *vs.* WHITINSVILLE SAVINGS BANK.

Middlesex. March 4, 1942. — June 22, 1942.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Fraud. Sale*, Disclosure of defect, Of real estate. *Pleading, Civil*, Declaration.

A buyer of a dwelling house cannot maintain an action of tort against the seller in which he relies solely upon the facts that the seller, knowing the building to be infested with termites and the internal destruction they were creating therein, failed to reveal their presence to him.

Characterization in a declaration of conduct of the defendant as false and fraudulent was ineffective, on demurrer, if not supported by allegations of fact respecting such conduct.

TORT. Writ in the Superior Court dated November 10, 1941.

A demurrer to the declaration was sustained by *Swift*, J. The plaintiff appealed.

*J. E. Hannigan*, (*E. M. McMahon* with him,) for the plaintiff.

*A. V. Harper*, for the defendant.

QUA, J. The declaration alleges that on or about September 12, 1938, the defendant sold the plaintiff a house in Newton to be occupied by the plaintiff and his family as a dwelling; that at the time of the sale the house "was infested with termites, an insect that is most dangerous and destructive to buildings"; that the defendant knew

the house was so infested; that the plaintiff could not readily observe this condition upon inspection; that, "know-ing the internal destruction that these insects were creating in said house," the defendant falsely and fraudulently con-cealed from the plaintiff its true condition; that the plain-tiff at the time of his purchase had no knowledge of the termites, exercised due care thereafter, and learned of them about August 30, 1940; and that, because of the destruc-tion that was being done and the dangerous condition that was being created by the termites, the plaintiff was put to great expense for repairs and for the installation of termite control in order to prevent the loss and destruction of said house.

There is no allegation of any false statement or repre-sentation, or of the uttering of a half truth which may be tantamount to a falsehood. There is no intimation that the defendant by any means prevented the plaintiff from acquiring information as to the condition of the house. There is nothing to show any fiduciary relation between the parties, or that the plaintiff stood in a position of con-fidence toward or dependence upon the defendant. So far as appears the parties made a business deal at arm's length. The charge is concealment and nothing more; and it is concealment in the simple sense of mere failure to reveal, with nothing to show any peculiar duty to speak. The characterization of the concealment as false and fraudulent of course adds nothing in the absence of further allegations of fact. *Province Securities Corp.* v. *Maryland Casualty Co.* 269 Mass. 75, 92.

If this defendant is liable on this declaration every seller is liable who fails to disclose any nonapparent defect known to him in the subject of the sale which materially reduces its value and which the buyer fails to discover. Similarly it would seem that every buyer would be liable who fails to disclose any nonapparent virtue known to him in the subject of the purchase which materially enhances its value and of which the seller is ignorant. See *Goodwin* v. *Agassiz,* 283 Mass. 358. The law has not yet, we believe, reached the point of imposing upon the frailties of human nature

a standard so idealistic as this. That the particular case here stated by the plaintiff possesses a certain appeal to the moral sense is scarcely to be denied. Probably the reason is to be found in the facts that the infestation of buildings by termites has not been common in Massachusetts and constitutes a concealed risk against which buyers are off their guard. But the law cannot provide special rules for termites and can hardly attempt to determine liability according to the varying probabilities of the existence and discovery of different possible defects in the subjects of trade. The rule of nonliability for bare nondisclosure has been stated and followed by this court in *Matthews* v. *Bliss*, 22 Pick. 48, 52, 53, *Potts* v. *Chapin*, 133 Mass. 276, *Van Houten* v. *Morse*, 162 Mass. 414, *Phinney* v. *Friedman*, 224 Mass. 531, 533, *Windram Manuf. Co.* v. *Boston Blacking Co.* 239 Mass. 123, 126, *Wellington* v. *Rugg*, 243 Mass. 30, 35, 36, and *Brockton Olympia Realty Co.* v. *Lee*, 266 Mass. 550, 561. It is adopted in the American Law Institute's Restatement of Torts, § 551. See Williston on Contracts (Rev. ed.) §§ 1497, 1498, 1499.

The order sustaining the demurrer is affirmed, and judgment is to be entered for the defendant. *Keljikian* v. *Star Brewing Co.* 303 Mass. 53, 55–63.

*So ordered.*