JOHN H. SPENCER & another *vs.* JOSEPH C. GABRIEL.

Berkshire. September 18, 1951. — October 31, 1951.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Sale*, Of real estate, Disclosure of defect.

A buyer of a dwelling house could not maintain an action of tort against the seller on the sole ground that the seller, knowing that the house was so built that there was "a substantial and unreasonable risk" that the hot water heating pipes therein would freeze and burst in cold weather and having reason to believe that the buyer "would not realize the risk," failed to disclose it to the buyer, who sustained damage through freezing and bursting of the pipes.

TORT. Writ in the District Court of Central Berkshire dated February 1, 1950.

A demurrer to the declaration was overruled by *Alberti*, J.

*R. A. Lewis*, for the plaintiffs.

*E. E. Reder*, for the defendant.

WILKINS, J. The declaration alleges that the defendant sold and conveyed to the plaintiffs a certain dwelling house which he had built so negligently that in cold weather there was "a substantial and unreasonable risk" that the hot water heating pipes would freeze and burst; that the defendant, as vendor, "knowing of the condition and the risk involved and having reason to believe that the plaintiffs,

being unskilled in such matters, would not realize the risk, concealed or failed to disclose the risk in negligent disregard of the rights of the plaintiffs as vendees"; and that in consequence a section of the heating pipes froze and burst "exactly as had been risked," causing substantial damage to their real and personal property. The plaintiffs appeal from an order of the Appellate Division sustaining the defendant's demurrer and reversing a contrary ruling by the District Court judge.

There is no allegation of fraud or misrepresentation. The kernel of the action is negligent concealment or failure on the part of a vendor of real estate to disclose defects known to him which he had reason to believe would not become known to the buyers. There was a simple failure to reveal where there was no duty to speak. This is a case of bare nondisclosure, and is governed in every essential particular by our recent decision in *Swinton* v. *Whitinsville Savings Bank*, 311 Mass. 677, with full citation of authorities.

*Order sustaining demurrer affirmed.*