C. WILLARD HENDRICK and HAZEL E. HENDRICK,
Plaintiffs,

*vs.*

CATHERINE A. LYNN,
Defendant.

*New Castle—July 18, 1958.*

*Clement C. Wood,* Wilmington, for plaintiffs.

*David B. Coxe, Jr.,* Wilmington, for defendant.

MARVEL: Vice Chancellor: Plaintiffs as buyers seek rescission of a consummated purchase and sale of real estate. Plaintiffs complain that sometime prior to July 30, 1956 defendant's home at 211 W. 38th Street in Wilmington was put up for sale, that on or about July 16 Miss Grace Ellingsworth, a realtor, arranged to show the premises in question to Mr. Hendrick and that on July 30, plaintiffs entered into a contract to buy the house. After completing the purchase plaintiffs entered into possession on September 10, 1956 and thereupon discovered the house to be infested with termites. The complaint alleges:

> "3. Although the subject premises was, on July 16, 1956, infested with termites and, although defendant knew that it was so infested—since the termites had eaten through the hardwood floor between the living room and the sun room and defendant had covered the spot with a rug—she fraudulently concealed this fact from Miss Ellingsworth and plaintiff, C. Willard Hendrick, for the purpose of inducing the plaintiffs to purchase the subject premises from her.

> "4. On or about Thursday, the 19th day of July, A.D. 1956, John Scott, representing the plaintiffs and Grace Ellingsworth,

realtor, visited 211 West 38th Street and again went over the house with the defendant. The said Grace Ellingsworth, in the presence of John Scott, asked the defendant if there were any termites in the house. The defendant informed Mr. Scott and Miss Ellingsworth that there were none.

\* \* \*

"7. In truth and in fact, 211 West 38th Street was infested with termites which the defendant well knew, for on or about May 8, A.D. 1955, Miss Lynn telephoned a termite exterminator to come and inspect 211 West 38th Street and, on May 11, 1955, said inspection was made of the subject premises; termites were found, and the exterminator quoted defendant a price for exterminating same. Defendant ordered the work done, but on or about May 12, 1955, before the work had been started, she called the exterminator and cancelled the request for termite exterminating in the premises.

"8. Defendant fraudulently represented that 211 West 38th Street was free of termites, where as in truth and in fact said premises were infested with termites.

"9. The fraudulent representations made by defendant were made for the purpose of inducing the plaintiffs to purchase 211 West 38th Street from her and at the time said representations were known to be untrue, and the plaintiffs relied upon said representations as they were entitled to do their injury and damage."

Plaintiffs accordingly ask that their purchase of said house be rescinded taking the position that defendant's alleged statements go beyond those of inducement permitted under the maxim caveat emptor, as applied in *Wiest v. Garman,* 3 *Del.Ch.* 422, affirmed by the Court of Errors and Appeals, 4 *Houst* 119, 121.

Having denied defendant's motion to dismiss and for summary judgment as well as plaintiffs' motion for summary judgment, this Court on October 11, 1957 directed that certain factual issues be framed for trial before a jury. Questions having been framed

and submitted, the jury failed to agree on whether or not the premises in question were infested with termites in July 1956 or whether or not defendant believed there was termite infestation in her home. In answer to another question: "3—Did Miss Grace Ellingsworth, in the presence of Julian Scott, make any inquiry of Miss Lynn on July 19, 1956, concerning the existence of termites in the premises at 211 West 38th Street, Wilmington, Delaware?", the jury reached a negative verdict.

Defendant on the basis of such verdict then moved for judgment in this Court. Plaintiff opposes such motion, contending that not only was the jury verdict merely advisory but that it was inconclusive as it left the issue of concealment undisposed of, citing *DeJoseph v. Zambelli*, Ct. of Common Pleas of Montgomery County, Pennsylvania, June Term, 1955.

The jury having observed and weighed the testimony of witnesses who testified on the issue of misrepresentation, I adopt the jury's findings on such issue. To retry in this Court the facts on which the claim of misrepresentation is based would merely mean to test my own powers of evaluating the honesty of witnesses in a simple factual situation against those of a petit jury. I decline to do this.

On the issue of concealment, on which the jury furnished no aid, and which must be tried if a cause of action has been stated, plaintiffs would have the Court adopt a moral code for vendor and purchaser which to date has no substantial legal sanction. In the case of *Swinton v. Whitinsville Savings Bank*, 311 *Mass.* 677, 42 *N.E.* 2d 808, 141 *A.L.R.* 965, the Supreme Judicial Court of Massachusetts held that allegations of non-disclosure by a vendor dealing at arms' length with a purchaser of the fact that the house there to be sold was infested with termites failed to state a cause of action. The Court stated:

> "If this defendant is liable on this declaration every seller is liable who fails to disclose any nonapparent defect known to him in the subject of the sale which materially reduces its value and which the buyer fails to discover. Similarly it would seem that every buyer would be liable who fails to disclose any nonapparent

virtue known to him in the subject of the purchase which materially enhances its value and of which the seller is ignorant. See *Goodwin v. Agassiz*, 283 *Mass.* 358, 186 *N.E.* 659. The law has not yet, we believe, reached the point of imposing upon the frailties of human nature a standard so idealistic as this. That the particular case here stated by the plaintiff possesses a certain appeal to the moral sense is scarcely to be denied. Probably the reason is to be found in the facts that the infestation of buildings by termites has not been common in Massachusetts and constitutes a concealed risk against which buyers are off their guard. But the law cannot provide special rules for termites and can hardly attempt to determine liability according to the varying probabilities of the existence and discovery of different possible defects in the subjects of trade."

The ruling was followed in *Spencer v. Gabriel*, 328 *Mass.* 1, 101 *N.E.* 2d 369, and conforms with the rule of the *Restatement of the Law, Contracts, Vol.* 2, § 472, comment (b), p. 897, to the effect that "A party entering into a bargain is not bound to tell everything he knows to the other party, even if he is aware that the other is ignorant of the facts; and unilateral mistake of itself, does not make a transaction voidable".

In my opinion this rule of law applies to the case at bar, a case in which plaintiffs had full opportunity to inspect the premises which they later purchased. Inasmuch as plaintiffs have failed to prove misrepresentation and because their allegations as to concealment fail to state a cause of action, final judgment for defendant on plaintiffs' cause of action based on alleged misrepresentation and judgment of dismissal as to that portion of plaintiffs' claim based on concealment will be entered.

I find no anomaly in granting in part defendant's motion to dismiss after originally denying such motion because the complaint is fundamentally couched in terms of alleged misrepresentation and on such grounds stated a cause of action.

Order on notice.