HERMAN J. WADE & others *vs.* FORD MOTOR COMPANY
& others.

Essex.   December 5, 1960. — January 3, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Deceit. Pleading, Civil,* Demurrer.

A cause of action in tort for deceit against an automobile manufacturer
was not stated by allegations in the declaration in substance that after
cancelling a certain dealer's franchise the defendant knowingly allowed
him "to continue to hold . . . [himself] out to the public as" and "to
display the ostensible outward signs of" a duly enfranchised dealer and
thereby "falsely and fraudulently represented" to the plaintiff that he
was authorized to sell the defendant's automobiles, and that the plain-
tiff "as a consequence of relying upon . . . [the defendant's] false
representation" suffered a loss in a transaction with the former dealer.
[597–598]

A demurrer based on two grounds must be sustained if either ground is
good.   [598]

TORT.   Writ in the Superior Court dated December 9,
1958.

A demurrer was sustained by *Wisnioski, J.*

*John A. McNiff,* for the plaintiffs.

*Claude R. Branch,* for the defendants.

SPALDING, J.   This action in tort for deceit is brought
severally by three plaintiffs, seeking damages from each
of three defendants, severally.   The defendant Ford Motor
Company (hereinafter called Ford) demurred on the
grounds that the plaintiffs' declaration, as amended, (1)
failed to state a cause of action and (2) improperly joined
the plaintiffs and the defendants in one action.   An order
was entered sustaining the demurrer, from which the plain-
tiffs appealed.   G. L. c. 231, § 96.

The declaration[1] alleged that for a long time prior to

---

[1] These allegations are from count 1 of the amended declaration which is
the same as counts 4 and 7, except that in each of the latter there is a different
plaintiff, and in each a different transaction between the particular plaintiff
and Rowe Motor Company, Inc., is set forth.

March, 1958, Rowe Motor Company, Inc. (Rowe), was an authorized Ford dealer; that in March, 1958, Ford "cancelled and revoked" Rowe's dealer's franchise; that "thereafter by knowingly allowing . . . Rowe . . . to continue to hold itself out to the public as a Ford dealer, to continue to prominently display the . . . [Ford] name and trade mark on its . . . premises, to continue to use . . . [Ford's] name and trade mark in its written advertising, and to continue to display the ostensible outward signs of a Ford dealer duly enfranchised . . ., [Ford] falsely and fraudulently represented to the plaintiff that . . . Rowe . . . was . . . authorized . . . to receive from . . . [it] and sell Ford vehicles"; that "Rowe . . . was not a Ford dealer under a franchise"; and that the "plaintiff on or about July 26, 1958, as a consequence of relying upon . . . [Ford's] false representation paid money and delivered a used vehicle . . . to Rowe . . . for . . . [a car] and . . . [lost the] money and car, all to his great damage."

The declaration failed to state a cause of action and the demurrer was rightly sustained on this ground.

The plaintiffs contend, in substance, that Ford can be found liable in tort for deceit for failing to take any measures to curb or expose Rowe's unauthorized use of the "ostensible outward signs" of an authorized Ford dealer. It is not alleged that Ford itself did anything to misrepresent the facts or in any way participated in the transactions between Rowe and the plaintiffs or authorized or adopted the misrepresentations of Rowe. Compare *Lantin* v. *Goodnow,* 207 Mass. 291, 302–303. The allegations are nonfeasance but the circumstances show no duty to speak or act. See *Tilden* v. *Greenwood,* 149 Mass. 567; *Stewart* v. *Joyce,* 201 Mass. 301, 311–312; *Swinton* v. *Whitinsville Sav. Bank,* 311 Mass. 677, 679, and cases cited; *Sandler* v. *Elliott,* 335 Mass. 576, 590; Restatement; Torts, § 551. Indeed, the absence of duty is clearer here than in the *Swinton* case, because Ford was a stranger to the transactions between Rowe and the plaintiffs. Where there is no duty to act or speak, the characterization of the defendant's actions as

false and fraudulent does not save the declaration. See *Swinton* v. *Whitinsville Sav. Bank,* 311 Mass. 677, 678. We assume that Ford could have taken steps to curtail or expose the activities of Rowe, but we are not prepared to say that it is a legal wrong for one to fail in such circumstances to pursue his legal rights.[1] We recognize, as the plaintiffs argue, that a fraud "may be perpetrated by an implied as well as by an express representation." *Robichaud* v. *Owens-Illinois Glass Co.* 313 Mass. 583, 585. But the cases relied upon by the plaintiffs, *Lobdell* v. *Baker,* 3 Met. 469 (involving the liability, to a remote vendee, of a seller who caused a note to be indorsed by a minor), and *Windram* v. *French,* 151 Mass. 547 (involving the liability of certain officers of a corporation to a subsequent stockholder for statements on stock certificates), are not in point.

Since, for the foregoing reasons, the demurrer was rightly sustained, we need not decide whether the declaration was also defective because it failed to allege that Ford made the misrepresentations for the purpose of inducing the plaintiffs to act. See, however, *Robichaud* v. *Owens-Illinois Glass Co.* 313 Mass. 583, 585; *Kilroy* v. *Barron,* 326 Mass. 464, 465; G. L. c. 231, § 147, form 12; Restatement: Torts, § 531. Nor need we decide whether the demurrer might also be sustained on the ground of improper joinder of parties. If any ground of the demurrer is good it must be sustained. *North* v. *City Council of Brockton, ante,* 483.

*Order sustaining demurrer affirmed.*

---

[1] No question of contractual liability is presented. See, however, Restatement 2d: Agency, §§ 124A, 125.