JOHN A. DONAHUE & another *vs.* I. WHITMAN STEPHENS (and a companion case[1]).

Middlesex.     October 4, 1960. — February 14, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Sale,* Of real estate, Disclosure of defect. *Negligence,* Nondisclosure. *Practice, Civil,* Requests, rulings and instructions. *Proximate Cause.*

A builder and seller of a house damaged by soot and smoke from the heating apparatus after the sale was not liable to the buyer for alleged negligence grounded on mere nondisclosure by the seller of deficiencies in the heating apparatus known to him. [92]

In view of full findings of fact made by a judge of a District Court in deciding for the plaintiff in an action, a denial of a ruling requested by the defendant that a finding for him was warranted should be treated as based on immateriality of the requested ruling on the facts found rather than as tantamount to a ruling that a finding for the plaintiff was required as matter of law; but the request did present the question whether the plaintiff was entitled to recover on the facts found. [92–93]

On the facts, there was no causal connection between acts of a heating contractor in installing in a new house for the builder thereof oil burning heating apparatus, but not the pipe leading from the apparatus to the chimney, and damage to the house from smoke and soot subsequently occurring by reason of insufficient draft in the pipe and insufficient combustion after the contractor had quit the job and been paid and others had installed the pipe and made the apparatus operative and later had made repairs and adjustments thereof; it was immaterial that the contractor filed a false certificate of proper installation, testing, and proper operation of the apparatus. [93–94]

---

[1] The companion case is by the same plaintiffs against Timothy F. Sweeney.

Two ACTIONS OF TORT. Writs in the Third District Court of Eastern Middlesex dated March 8, 1958.

The actions were heard by *Parker, J.*

*Lindsay S. Biathrow,* for the defendants.

*William J. Conboy,* for the plaintiffs, submitted a brief.

SPALDING, J. These are two actions of tort for negligence in which the plaintiffs seek recovery for property damage to their house and furnishings against I. Whitman Stephens, the builder, and Timothy F. Sweeney, a heating subcontractor employed by Stephens to install a heating unit in the house. In a decision which contained full findings of fact and dealt with the defendants' requests for rulings, the judge found for the plaintiffs against each defendant. The Appellate Division dismissed the report in the action against Stephens; in the action against Sweeney, it vacated the finding for the plaintiffs and ordered judgment for the defendant. Stephens appealed from the decision against him, and the plaintiffs appealed from the decision in favor of Sweeney.

Pertinent findings of the judge are as follows: In the spring and summer of 1957, Stephens was engaged in building a house at 11 Bartlett Street in Lexington. He entered into a contract with Sweeney in which Sweeney undertook to install a heating unit and oil burner. Sweeney installed the heating apparatus, but because there were no holes in the chimney or in the partition between the burner and the chimney, he did not install the smoke pipe from the chimney to the furnace. Sweeney made application for a permit to install the oil burning equipment, in accordance with G. L. c. 148 and regulations thereunder, on January 8, 1957. On the 20th of June, 1957, Sweeney filed a certificate of completion, in which he certified that the burner had been installed in accordance with the requirements of G. L. c. 148 and regulations pursuant thereto; that it had been tested in accordance with such requirements; and that it was in proper operating condition. The fact was, however, that Sweeney had not tested the equipment and it was not in proper operating condition when he last saw it. On July

8, 1957, a captain of the Lexington fire department inspected the heating system, disapproved the smoke pipe because it was longer than the town's building by-laws permitted, and informed Sweeney of this fact. The captain and Sweeney arranged to go to the house in the fall, after the burner was started, to make tests. Subsequently, the captain attempted to get in touch with Sweeney for this purpose but was unable to do so, and the tests were never made.

On June 19, 1957, Stephens and the plaintiffs made an agreement for the purchase and sale of the house, and papers were passed on July 19. The plaintiffs moved in shortly thereafter, although Stephens continued to work on the house. Late in June or early in July, Stephens learned that the installation of the heater had not been approved, but he never informed the plaintiffs of this fact. He had paid Sweeney in full for the installation in May. Later he told Sweeney that the installation had not been approved because the pipe was too long, and Sweeney said he would take care of it. Stephens put the holes for the smoke pipe in the partition wall and chimney "but the evidence fails to show who selected the places for these holes or in fact actually connected the smoke pipe with the chimney."

The plaintiffs turned on the heat in September or October, 1957. On two occasions (in October and in January), because of the odor of oil, the plaintiffs called their oil dealer who, after checking the burner, found that it was getting too much air, and adjusted it.

On February 18, 1958, the plaintiffs returned to their home in the evening and discovered that the damper was on the basement floor and that the basement was full of smoke and soot; the upper portions of the house were also full of soot. An experienced heating man examined the heater on the following day and found that there was insufficient draft in the smoke pipe because it "did not have pitch enough." Tests revealed that the combustion proficiency of the burner was about forty-one per cent instead of the normal seventy-five to eighty per cent.

1. The defendant Stephens presented two requests which in substance asked for rulings that he was not liable as matter of law. These were denied. We are of opinion that they ought to have been granted. The facts in the case against Stephens do not differ essentially from those alleged in the declaration in *Spencer* v. *Gabriel*, 328 Mass. 1. There it was alleged that the defendant sold to the plaintiffs a dwelling house which he had built so negligently that in cold weather there was a "substantial and unreasonable risk" that the hot water heating pipes would freeze and burst; that the defendant, as vendor, "knowing of the condition and the risk involved and having reason to believe that the plaintiffs, being unskilled in such matters, would not realize the risk, concealed or failed to disclose the risk in negligent disregard of the rights of the plaintiffs as vendees"; and that in consequence a section of the heating pipes froze and burst "exactly as had been risked," causing substantial damage to their real and personal property. This court, in holding that a demurrer to the declaration was rightly sustained, said (at p. 2), "The kernel of the action is negligent concealment or failure on the part of a vendor of real estate to disclose defects known to him which he had reason to believe would not become known to the buyers. There was a simple failure to reveal where there was no duty to speak. This is a case of bare nondisclosure, and is governed in every essential particular by our recent decision in *Swinton* v. *Whitinsville Savings Bank*, 311 Mass. 677, with full citation of authorities." Similarly, the case at bar is governed by *Spencer* v. *Gabriel*.

2. The defendant Sweeney presented numerous requests for rulings. Some were granted and some were denied. Of those denied, the only one which need be considered is the first request, which asked for a ruling that a finding for the defendant was warranted. Since the judge made elaborate findings of fact, we do not interpret his denial of this request as tantamount to a ruling that a finding for the plaintiffs was required as matter of law. See *Brodeur* v. *Seymour*, 315 Mass. 527, 530, and cases cited; *M. DeMatteo*

*Constr. Co.* v. *Commonwealth,* 338 Mass. 568, 585.   Rather we interpret it as having been denied as immaterial because of the facts found.   But we think, as did the Appellate Division, that the request does present the question whether on those facts the plaintiffs were entitled to prevail.   In holding that the request should have been granted and that the plaintiffs could not recover, the Appellate Division rested its decision on the grounds:  (1) that Sweeney's acts were not the legal cause of the plaintiffs' damage, and (2) that, on the basis of *Cunningham* v. *T. A. Gillespie Co.* 241 Mass. 280, Sweeney, as an independent contractor, cannot be held liable for damage to a third party after his work has been turned over to the owner.   We are of the opinion, for reasons hereafter given, that the plaintiffs cannot re-cover because of the first ground, and hence we do not reach the second.   See, however, *Flaherty* v. *New York, N. H. & H. R.R.* 337 Mass. 456.

The trial judge found that Sweeney installed the furnace and the heating system, but that he did not install the smoke pipe from the furnace into the chimney because no holes had been made in the wall or chimney through which the pipe had to be inserted.   At this point, he quit the job, was paid in full, and filed his false certificate.   Stephens then made the necessary holes in the wall and chimney, and someone — it does not appear who, but presumably a per-son acting on Stephens's orders — connected the smoke pipe with the chimney and made it operative.   The plaintiffs acquired possession and control of the house in July, 1957. In October, 1957, and again in January, 1958, because of the odor of oil, they called their oil dealer, who made ad-justments and repairs.   In February, 1958, the apparatus failed, causing the damage to the house.

In view of all that happened after Sweeney left the job, it could not reasonably be found that his actions were the proximate or legal cause of the failure of the heating sys-tem.   The smoke pipe was installed by another; the fur-nace was made operative by another; and the repairs and adjustments were made by another.   Sweeney, it is true,

knew that the fire regulations had not been complied with and that the furnace was too far from the chimney; but Stephens also knew these facts and it was he who had the smoke pipe installed and the furnace made operative. And there is the added circumstance that the plaintiffs had knowledge that the heating system was not working properly, as evidenced by the fact that they had had it repaired on two occasions after they had acquired the house. It thus becomes immaterial that Sweeney filed a false certificate and told Stephens that he would "take care" of the defect. His conduct, improper as it may have been, could not have been found to be the proximate cause of the plaintiffs' damage.

In the Stephens case the order of the Appellate Division dismissing the report is reversed, the finding for the plaintiffs is vacated, and judgment is to be entered for the defendant. In the Sweeney case the order of the Appellate Division vacating the finding for the plaintiffs and ordering judgment to be entered for the defendant is affirmed.

*So ordered.*