HAROLD RICHMAN *vs.* MARGUERITE J. SEABERG. December 1, 1967. Richman, an experienced plumbing contractor, agreed to purchase a house and lot in Milton from Mrs. Seaberg. Prior to executing the agreement, he inspected the premises including the cellar. Mrs. Seaberg, seventy-three years old, remained upstairs. A sump pump and pipes were hidden from view by cartons and boxes. A drain under the floor was covered by a removable linoleum panel and was not seen because of the boxes and clothing hanging on the wall. No conversation about "any water problem with the house" took place between Richman and Mrs. Seaberg. After Mrs. Seaberg had vacated the house, Richman observed the sump pump, drain, and cement floors. The sump pump was installed after a 1955 hurricane. The cellar linoleum has been dry since then. Richman does not contend that any concealment was intentional. He seeks a declaration that he may have rescission of the agreement and return of his deposit. A master's report was confirmed. By final decree specific performance was ordered. Richman appealed. The master's report affords no basis for concluding that there was any misrepresentation by Mrs. Seaberg, or any legally significant intentional concealment of, or failure to disclose, the condition of the cellar. See *Swinton* v. *Whitinsville Sav. Bank,* 311 Mass. 677, 678–679; *Spencer* v. *Gabriel,* 328 Mass. 1, 2.

Cf. *Williams* v. *Benson*, 3 Mich. App. 9. Richman was not prevented from making any investigation. There was no inequitable conduct by the seller which should cause discretionary denial of specific performance. See *Exchange Realty Co.* v. *Bines*, 302 Mass. 93, 100. See also *Yerid* v. *Mason*, 341 Mass. 527, 529–531 (promissory representation did not warrant rescission). Cf. *Yorke* v. *Taylor*, 332 Mass. 368, 371 (innocent misrepresentation). If evidence excluded by the master had been admitted, the result should not have been affected.

*Decree affirmed with costs of appeal.*

*Joseph M. Cohen* for the plaintiff.
*Max L. Glazer* was not called upon.