ANTHONY A. ALBANO & another *vs.* WESTERN CONSTRUCTION CORP.

Essex.    April 8, 1970. — June 12, 1970.

Present: WILKINS, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Sale*, Warranty. *Practice, Civil*, Exceptions: what questions open.

Evidence in an action did not warrant a finding that a corporation which had erected a house on its premises made any express representations, warranties or "guaranties" with respect to the quality of its construction prior to the sale of the premises to vendees who first came in contact with employees of the corporation after the vendees had agreed to buy the premises and had paid a deposit to the corporation's agent or broker. [650–651]

The record in an action was not sufficient to raise the issue whether the defendant impliedly warranted that a house which it had built for sale and had sold to the plaintiffs had been constructed in a good and workmanlike manner and was fit for human habitation. [652]

CONTRACT OR TORT. Writ in the Superior Court dated December 28, 1964.

The action was heard by *Mitchell, J.*

*Norman Kerman* for the defendant.
*Katherine Liacos Izzo* for the plaintiffs.

QUIRICO, J. This is an action of contract or tort brought by the plaintiffs, husband and wife, for the recovery of damages allegedly sustained by them as the result of their purchase from the defendant of a parcel of land with a house which the defendant had erected thereon.

When the action was entered in court the declaration consisted of two counts. Count 1 was in tort, and it sought recovery for damages resulting from the defendant's alleged false and fraudulent representations as to the condi-

tion of the premises, with particular reference to a dry cellar. Count 2 was in contract for the alleged breach of the defendant's implied warranty or agreement that the premises were "fit for immediate use and occupation . . . that the house and its appurtenances were suitable for occupation in its condition at the time of the sale; that the cellar of said premises is dry at all times, that no water got or would get into the cellar of said premises, and that said premises were safe and fit for occupancy."

Before trial the plaintiffs amended their declaration by adding count 3 in contract. This count alleged that before they purchased the house and lot from the defendant they made known to the defendant, and the defendant knew, that "the plaintiffs were to occupy the same for dwelling purposes; that the defendant corporation held out, in inducing the . . . plaintiffs to purchase said dwelling house, that it was suitable for the plaintiffs' use; that it was properly constructed and that the workmanship in said dwelling house was in compliance with a general good workmanlike manner in which said dwelling houses are constructed"; but that the house instead had numerous defects and imperfections in workmanship and materials about which the plaintiffs duly notified the defendant and that the defendant refused to correct them, all to the plaintiffs' damage.

When read in conjunction with the two original counts, the clear inference from the language of count 3 is that the plaintiffs intended thereby to add a claim for recovery on the theory of the alleged breach of express representations, warranties or agreements by the defendant about the quality and condition of the house and of the materials and workmanship therein. It does not use the word "impliedly" which was used in count 2. Moreover, at the trial of this case the plaintiffs filed some requests for rulings, hereinafter discussed, which demonstrate clearly that they intended and treated count 3 as the statement of a claim based on express representations, warranties, or "guaranties" and not on implied warranties.

Some time during the trial before a judge of the Superior Court without a jury, the plaintiffs, in open court, waived count 2 which specifically sought recovery for breach of alleged implied warranties or agreements. The trial continued on counts 1 and 3. At the close of the trial the judge found for the defendant on count 1, and he found for the plaintiffs on count 3 in the total amount of $3,967.70. This included damages of $3,330 and interest of $637.70. The judge made no written findings of facts, but he did allow the following and several other requests filed by the plaintiffs and described in the record as "requests for rulings":

"1. That upon all the evidence the plaintiffs are entitled to recover as to Count 3 of the plaintiffs' declaration. . . .

"6. That since the defendant corporation guaranteed by statements made by its agents, servants or employees, that the work in the dwelling house . . . [sold to the plaintiffs] was free from all defects and 'guaranteed' to be so for one year after sale, the plaintiffs are entitled to recover as to Count 3 of the plaintiffs' declaration. . . .

"7. That since the defendant corporation, through its agents, servants, or employees, made statements to the plaintiffs that all the work in said dwelling house was done in a careful, workmanlike and substantial manner, there is a breach of warranty, and the plaintiffs are entitled to recover as to Count 3 of the plaintiffs' declaration."

The plaintiffs saved no exceptions to the decision against them on count 1. Thus we are now concerned only with count 3. The case is before us on the defendant's exceptions to the judge's allowance of certain of the plaintiffs' requests relating to this count. Implicit in the action of the judge as described above are his findings of facts stated in these requests of the plaintiffs which he allowed and which are quoted above. Thus he found that the defendant had expressly represented, warranted or "guaranteed" that "all the work in said dwelling house was done in a careful, workmanlike and substantial manner," and that there was a breach of such representation, or "guaranty." We must therefore examine the summary of the evidence as contained

in the bill of exceptions to determine whether it supports the facts thus found by the judge. Since the plaintiffs state in their brief that they "are not asserting that there was any express warranty made subsequent to the sale," we are concerned only with the summary of evidence of events prior to the sale.

That evidence is stated in the bill of exceptions substantially as follows. On February 22, 1964, the plaintiffs were shown the house in question by an employee of Esquire Realty Co., Inc. (Esquire).[1] They went through and inspected the house at that time. On March 23, 1964, they were shown the house by another employee of Esquire; and after going through the house and looking it over, they agreed on that date to buy it for $18,590. They paid $100 to Esquire as a deposit on the property and received a written receipt. About one week or ten days later they paid an additional $400 to Esquire. It was on this date that they first came in contact with employees of the defendant by meeting one Catone and one Souza, employees and officers of the defendant corporation. The defendant was to be in the same construction area for a year building 160 units. The plaintiffs again looked over the premises on April 13, 1964. Later that day, in the presence of Catone and Souza, the defendant delivered a deed to the plaintiffs conveying the house and lot to them. The plaintiffs moved into the house on April 20, 1964.

The bill of exceptions states, as it should, that it "contains all of the evidence material to the exceptions herein alleged." *Hall* v. *Smith*, 283 Mass. 166, 167. *Schnepel* v. *Kidd*, 332 Mass. 137, 138. There is nothing in the entire bill to support the judge's findings of facts implicit in his allowance of the plaintiffs' requests quoted above. The bill discloses no basis for the judge's general finding in favor of the plaintiffs on count 3 other than the facts stated in those requests by the plaintiffs. Thus the general finding

---

[1] It may be proper to infer that Esquire was acting as agent or broker for the defendant in the sale to the plaintiffs, even though the record does not disclose the relationship, if any, between Esquire and the defendant.

for the plaintiffs on count 3 is not supported by evidence, and it must be set aside as erroneous. The defendant also excepted to the judge's denial of its requests for rulings. On the basis of the summary of evidence of events prior to the sale of the house, it was error to deny the defendant's requests numbered 3, 6, 8 and 9 which were directed to count 3 of the declaration.[2]

Despite the fact that the language used by the plaintiffs in count 3 and in their requests for rulings quoted above indicates that the count was based on the breach of alleged express representations, warranties or "guaranties," and despite the fact that the judge's rulings on the requests indicate that he decided the case on that basis, the plaintiffs have devoted their entire brief and argument before this court to a claim of right of recovery by a purchaser of a house from a builder-vendor for the breach of an alleged implied warranty that the house is fit for human habitation and that it is constructed in a good and workmanlike manner. They attempt to explain or justify such treatment of the case by claiming that this is the only issue argued in the defendant's brief, and that, therefore, by the application of S. J. C. Rule 1:13, 351 Mass. 738, the defendant has waived all other possible issues.[3] It is true that the first issue argued in the defendant's brief is that of implied warranty, but the brief also includes the argument that the evidence does not warrant a finding of any express warranty. Thus,

---

[2] These requests were as follows:

"3. That the evidence does not warrant a finding for the plaintiffs on Count 3 of their declaration. . . .

"6. That on all the evidence the Court must find for the defendant on Count 3 of the plaintiffs' declaration. . . .

"8. On the evidence the Court must find that no representations, warranties or guarantees of any kind were made to the plaintiffs on and prior to March 23, 1964, concerning the sale of the real estate in question by anyone authorized to act in such matters on behalf of the defendant.

"9. On the evidence the Court must find that no representations, warranties or guarantees of any kind were made to the plaintiffs on and prior to March 23, 1964, concerning the sale of the real estate in question by anyone with authority to make such representations, warranties or guarantees on behalf of and binding upon the defendant."

[3] The pertinent part of Rule 1:13 is that "[t]he court need not pass upon questions or issues not argued in briefs."

contrary to the plaintiffs' contention, we hold that Rule 1:13 is not relevant to the issues before the court in this case. In an appropriate case the application of Rule 1:13 may result in the refusal of this court to pass upon questions which were raised at the trial but which have not been argued in the brief of the appealing party. However, it cannot be invoked by either or both parties to require this court to pass upon issues which, on the record before us, do not appear to have been raised at the trial, and which are not jurisdictional.

The plaintiffs urge this court to hold, as a matter of first impression in this Commonwealth, that when the defendant sold to them a house which it had built for sale, it impliedly warranted that the house had been constructed in a good and workmanlike manner and that it was fit for human habitation, and on that basis to sustain the judge's finding in their favor. Without expressing any opinion as to whether this is a matter of first impression or what the law of the Commonwealth is or should be thereon,[4] we do not consider the record before us adequate or sufficient to raise the issue of an implied warranty by the builder-vendor of a house.

*Exceptions sustained.*
*Judgment for the defendant*
*on count 3.*

---

[4] See *Swinton* v. *Whitinsville Sav. Bank,* 311 Mass. 677; *Spencer* v. *Gabriel,* 328 Mass. 1; *Donahue* v. *Stephens,* 342 Mass. 89, 92; *Richman* v. *Seaberg,* 353 Mass. 757. The record before us does not show misrepresentations, as in *Kannavos* v. *Annino,* 356 Mass. 42, 46–48; nor does it involve a house built to order, or custom built, as in *Lipson* v. *Southgate Park Corp.* 345 Mass. 621, *Concannon* v. *Galanti,* 348 Mass. 71, and *Holihan* v. *Rabenius Builders, Inc.* 355 Mass. 639, cited by the plaintiffs.