Dohoney, J.
The plaintiff Salvatore S. Figlioli (hereinafter Figlioli) sued the defendants David T. Pagnini, William J. Pagnini, and Robert J. Pagnini for the return of the $10,000.00 deposit given by the plaintiff to the defendants as part of a purchase and sale agreement for certain real estate.
At trial, there was evidence tending to show that the plaintiff entered into the purchase and sale agreement for the price of $180,000.00. The plaintiff visited the property after the signing of the agreement but prior to the closing and discovered that a drain pipe extended underground from the base of the house, that the pipe was clogged, and that there was six to twelve inches of water in the basement. The pipe had never been observed by the plaintiff and the defendants had never disclosed its existence.
The plaintiff demanded that the pipe be repaired and/or an adjustment made on the purchase price. The plaintiff refused to take title and demanded the return of his deposit. The defendants refused to return the deposit.
The Trial Justice made findings of fact and particularly found that the “plaintiff never inquired of and the defendants made no representations concerning the drainage pipe in the cellar of the property.”
At the close of trial and before final arguments, the plaintiff made several Requests for Rulings of Law. The principal thrust of these requests in contained in Request No. 3 as follows:
The non-disclosure by the defendants Seller, that the premises contained a drain pipe to run water from underneath the foundation of the premises to its back yard, entitled the plaintiff Purchaser to void the Purchase and Sale Agreement and restitution of its deposit made. See McMahon v. M. & D. Builders, Inc., 360 Mass. 54.
This case thus turns on the obligation of a seller of a single family residence to disclose defects.
The seminal case in this area is Swinton v. Whitinsville Savings Bank, 311 Mass. 677 (1942), which holds that there is no liability for non-disclosure. This rule is succinctly stated in Schilling v. Levin, 328 Mass. 1, 2 (1951), as follows:
There is no allegation of fraud or misrepresentation. The kernel of the action is negligent concealment or failure on the part of a vendor of real estate to disclose defects known to him which he had reason to believe would not become known to the buyers. There was a simple failure to reveal *160 where there was no duty to speak. This is a case of bare non-disclosure, and is governed in every essential particular by our recent decision in Swinton v. Whitinsville Savings Bank., 311 Mass. 677.
However, in Kannavos v. Annino, 356 Mass. 42 (1969), the Court recognized the validity of the Swinton rule but found as exception where there is something more than “bare non-disclosure.” The houses in Kannavos were advertised and sold as multi-family income properties. However, this use was in violation of the city zoning ordinance and the seller knew of the violations. The Court felt that this was sufficient to take the case out of “bare non-disclosure.”
Asomewhat similar factpattern to our case isfound in Richman v. Seaberg, 353 Mass. 757 (1967), where the purchaser made an inspection of the basement while the owner remained upstairs. A sump pump and pipes were hidden from view by boxes. Additionally a drain on the floor was covered by a removable linoleum panel. There was no conversation about any water problems. The Court felt that there was no basis to rescind the contract.
Water in the basement was also the issue in Henshaw v. Cabeceiras, 14 Mass. App. Ct. 225 (1982), further app. rev. den. 387 Mass. 1103. It was clear that the seller and buyer never discussed any issue about water. The Court found no basis for recovery and stated, “It is settled that a homeowner who sells his house is not liable for bare nondisclosure when he is under no duty to speak.”
The McMahon case cited by the plaintiff is not applicable for the simple reason that the allegations in that case were that the defendant made affirmative representations as to the composition of the walls and the quality of construction.
Here there were no allegations of any representations.
Accordingly, the Report is Dismissed.