Houston, J.
Plaintiff and defendant-in-counterclaim FAMM, Inc. (“FAMM”), a subcontractor, brings this action against Peabody Construction Company (“Peabody”), a general contractor, and defendant Seaboard Surety Co., Peabody’s surety, pursuant to the Payment Bond Statute (G.L.c. 149, §29), the Direct Payment Demand Statute (G.L.c. 30, §39F), and G.L.c. 93A. Initially, Peabody contracted with the Massachusetts Highway Department (“MHD”) for the construction of a vehicle maintenance facility (the “Facility”) in South Boston, Massachusetts. The Facility was to be constructed as part of the Central Artery/Tunnel Project. In turn, Peabody and FAMM executed a subcontract agreement, whereby FAMM was to fabricate and provide steel for construction of the Facility. In its complaint, FAMM alleges that it is entitled to payment for extra work performed under Peabody and FAMM’s subcontract agreement. After FAMM filed suit against Peabody, Peabody brought a third-party complaint against the Commonwealth of Massachusetts (“Commonwealth”) seeking to “pass through” FAMM’s extra work claims and seeking damages allegedly sustained due to the extra work. Peabody’s third-party claim against the Commonwealth was later dismissed on summary judgment.
FAMM now brings this motion, pursuant to Rule 64(a) of the Massachusetts Rules of Civil Procedure, requesting that the Court report two questions to the Appeals Court for determination prior to trial. In its motion, FAMM seeks to resolve two interrelated questions about the rule of nonliability for bare nondisclosure, a doctrine on which the Court based its summary judgment decision. For the reasons set forth below, FAMM’s motion is DENIED.
BACKGROUND
The relevant, undisputed facts are as follows. During the summer of 1995, FAMM repeatedly complained to Peabody and MHD that the verifications inspector assigned to the project by MHD was subjecting FAMM to excessive inspection practices. On July 11, 1995, FAMM sent two letters to Peabody complaining about those practices. On July 21, 1995, a representative of Peabody attended a meeting with FAMM, MHD and the Commonwealth to discuss the issues raised in the letters. The parties concluded that FAMM’s complaints were unfounded.
FAMM and the Commonwealth held another meeting on October 11, 1995, at which they again discussed concerns about over-inspection. Peabody was not informed of the meeting and did not learn of it until after it occurred. On October 13, 1995, Peabody executed modifications to its contract with the Commonwealth. Peabody later claimed it would not have agreed to the modifications had it known that, at the October 11, 1995 meeting, FAMM and the Commonwealth discussed the process by which FAMM would prepare to submit an extra work claim.
*233 On February 13, 2001, the Court granted summary judgment for the Commonwealth of Massachusetts on Peabody’s claims, holding the Commonwealth was under no duty to inform Peabody that FAMM would be making an extra work claim. Finding no evidence that false statements were uttered and holding no fiduciary relationship existed between the parties, the Court applied the rule of nonliability for bare nondisclosure, as articulated in Swinton v. Whitinsville Savings Bank, and granted summary judgment for the Commonwealth. Swinton v. Whitinsville Savings Bank, 311 Mass. 677 (1942).
FAMM now proposes the Court report the following questions to the Appeals Court:
1) In the circumstances of contractual relationships entered into between Peabody Construction Co, Inc. and the Commonwealth of Massachusetts, did the Commonwealth of Massachusetts have a duiy to disclose to Peabody prior to having Peabody execute in December 1995 a change order giving up claims for subcontractor delays arising before October 1, 1995 the fact that the Commonwealth had had a private meeting in October 1995 with Plaintiff FAMM, Inc., a subcontractor to Peabody, which meeting the Commonwealth initiated and as to which meeting Peabody was not invited, at which was discussed the methodology of FAMM’s submitting a claim to MHD which would be precluded by the subsequent change order?[2] Or, conversely, is the only applicable principle of law the rule of nonliability for bare non-disclosure under the authority of Swinton v. Whitinsville Savings Bank, 311 Mass. 677 (1942)?[3]
2) Is the legal situation described in question one affected in any way by the fact that there were “partnering” provisions in the applicable contract between Peabody and the Commonwealth inserted in that contract by the Commonwealth?[4]
DISCUSSION
The decision to report an issue to the Appeals Court rests within the discretion of the trial judge. Mass.R.Civ.P. 64(a). Litigants cannot compel the Court to report an issue nor can they prevent it from doing so. 8A Mass. Prac. Rules Practice (Smith and Zobel) §64.3. The Appeals Court, however, frowns on unnecessary review of pre-trial issues because reporting relegates the-appellate court to an advisory capacity and leads to piecemeal trials. Cappadona v. Riverside 400 Function Room, 372 Mass. 167, 169 (1977). For this reason, pre-trial review of legal questions by the Appeals Court is unusual and reserved only for the most extraordinary of circumstances. Cappadona, 372 Mass. 167 at 169-70; Foreign Auto Import, Inc. v. Renault Northeast, Inc. 367 Mass. 464 (1975).
The Court will only use its discretion to report an issue when justice requires it to promote judicial economy, foster expediency, and reduce litigation expenses. 8A Mass. Prac. Rules practice (Smith and Zobel) §64.3. Even an important issue should not be reported unless it is material to the ultimate decision in the case and directly connected to the Court’s order. Benselv v. Commissioner of Public Safety, 328 Mass. 443, 444-45 (1952).
The Court declines to use its discretion to take the extraordinary step of reporting the legal questions proposed by FAMM. FAMM bases its motion for appellate review on the contention that the Swinton decision is no longer good law and, therefore, the likelihood of an appeal justifies reporting. In support of its claim, FAMM cites out-of-state decisions in which courts have questioned the applicability of the rule of nonliability for bare nondisclosure to contract cases. However, there is little to indicate the Massachusetts appellate courts plan to revisit Swinton. The one Massachusetts decision cited by FAMM merely notes Suiinton might not be the law elsewhere but falls far short of criticizing its applicability. Kannavos v. Annino, 356 Mass. 42, fn. 6 (1996). In fact, the courts have referred to the applicability of the Swinton analysis as recently as 1998. Nota Construction v. Keyes Associates, Inc., 45 Mass.App.Ct. 15, 19 (1998). If FAMM wishes to challenge Swinton's applicability in the contract setting, the proper method for doing so is by appeal and not the unusual step of reporting the issue to the appellate court.
ORDER
For the reasons stated above, it is hereby ORDERED that the plaintiff and defendant-in-counterclaim’s motion to report two legal questions to the Appeals Court for determination prior to trial be DENIED.

FAMM’s motion to report two legal questions to the appeals court.

Id.

Id.