THEODORE S. PIETRAZAK & another *vs.* LESTER J. McDERMOTT & another.

Middlesex.    March 9, 1960. — May 19, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Deceit.    Practice, Civil,* Auditor: judgment on report.

In an action heard without jury solely on the report of an auditor whose findings were not final, it was the duty of the judge and of this court to order the correct judgment on the facts reported.    [109]

A statement made by the builder and owner of a house to a prospective purchaser thereof, that "he built a good house and . . . there would be no water in the cellar," could reasonably have been understood by the purchaser to mean that the construction of the house was such as to preclude the entrance of water and supported recovery by the purchaser in an action for deceit brought against the seller after consummation of the sale where it appeared that the statement, even though made innocently without intent to deceive the purchaser, was made as of the seller's own knowledge, was a representation of a material fact relied upon by the purchaser and inducing him to buy the house, and was false in that water in substantial quantities did enter the cellar and caused damage.    [109–110]

CONTRACT OR TORT.    Writ in the Superior Court dated May 23, 1956.

The action was heard without jury by *R. Sullivan, J.,* solely on the report of an auditor whose findings were not final.

*P. Harold Ready,* for the defendants.

*Warren W. Allgrove,* for the plaintiffs.

WILLIAMS, J.    This is an action of contract or tort in which the first count of the declaration alleges deceit and the second count breach of warranty in connection with the sale by the defendants of a house and land to the plaintiffs. The case came before a judge of the Superior Court upon the plaintiffs' motion for judgment on the report of an auditor whose findings of fact were not final.    Rule 88 of the Superior Court (1954).    The judge found generally for

the plaintiffs. The defendants "treating the finding as an allowance" of the plaintiffs' motion (see *Thurlow* v. *Crossman,* 336 Mass. 248, 250) excepted to the "order for judgment."

The auditor found that in the spring of 1955 the defendants, who we assume were husband and wife, were building a single one story frame dwelling house in Lowell. When it was substantially completed, Angie Pietrazak, one of the plaintiffs and wife of the other plaintiff, looked at it with a view to a possible purchase. She went back on a number of occasions to examine it and "discussed" the house and its purchase price with the builder, the defendant McDermott. As a result of seeing a puddle of water in the middle of the cellar floor on one of her visits, Mrs. Pietrazak asked McDermott about water in the cellar and discussed with him whether the cellar would be dry. McDermott stated "that he built a good house and that there would be no water in the cellar." He later repeated the statement "prior to passing papers."

No purchase and sale agreement was executed. Papers were passed and title transferred by the defendants to the plaintiffs on June 23, 1955, at a price of $12,000. The latter moved in on July 1 and in the following months panelled a portion of the cellar and laid a tile floor. They built and furnished a so called "rumpus" room. In September during a heavy rainstorm water entered the cellar to such an extent that the fire department was called to pump it out. "Thereafter on many occasions of heavy rainstorms, prolonged rainy periods, or snow thaws, water entered the cellar." It came in "at various points between the foundation and the cellar floor, and, until the holes were filled with cement, at places in the foundation walls where steel tie rods were imbedded." The water caused damage to the cellar and to personal property. The cost of "corrective" work to prevent water entering the cellar will be $850. The damage to personal property and the cost of refinishing the cellar is $100.

The auditor found that "the defendants did not know

that water would enter the cellar at the points described, nor that it would enter in any substantial quantities when . . . [McDermott] made the statement'' that ''there would be no water in the cellar.'' He made the statement ''in good faith and had no intention of deceiving or defrauding the plaintiffs.'' It ''was made of his own knowledge and was a false though innocent misrepresentation of a material fact, . . . the plaintiffs relied upon the truth of this statement . . . and . . . it was an essential factor in their being induced to buy this house.''

In conclusion the auditor reported, ''I find for the plaintiffs on count 2 of the declaration in the amount of $950. I, therefore, find for the plaintiffs and assess damages in the amount of $950.'' See *Mahoney* v. *C & R Constr. Co.* 311 Mass. 558, 559. The first sentence appears to be a ruling of law that the plaintiffs could recover on count 2 for breach of warranty. *Fisher* v. *Doe,* 204 Mass. 34, 40. *Breault* v. *Auburn,* 303 Mass. 424, 427. *Smith* v. *Graham Refrigeration Prods. Co. Inc.* 333 Mass. 181, 184. As such it is not strictly a part of the report which is to be considered only on the facts found. *Zembler* v. *Fitzgerald,* 234 Mass. 236, 247. It was the duty of the trial judge and is now our duty to enter a correct judgment on the facts reported. *Smith* v. *Graham Refrigeration Prods. Co. Inc.* 333 Mass. 181, 184. We are in the same position as the trial judge in respect to both fact and law. The question whether as matter of law the plaintiffs could recover for breach of warranty in relation to a transaction which did not involve the sale of tangible chattels has not been argued and need not be decided. See Prosser on Torts (2d ed.) p. 546. The findings of fact by the auditor are sufficient to warrant the entry of judgment for the plaintiffs on count 1 for deceit. See *John A. Frye Shoe Co.* v. *Williams,* 312 Mass. 656, 661. He found that the statement ''there would be no water in the cellar'' was made by McDermott as of his own knowledge and was a false representation of a material fact. It was not a mere expression of opinion as to the dryness of the cellar. *Duncan* v. *Doyle,* 243 Mass.

177, 179. McDermott appears to have been the builder of the house and his assertion could reasonably have been understood by Mrs. Pietrazak to mean that the construction of the house was such as to preclude the entrance of water. If a statement of fact which is susceptible of actual knowledge is made as of one's own knowledge and is false, it may be the basis for an action of deceit without proof of an actual intent to deceive. *Chatham Furnace Co.* v. *Moffatt,* 147 Mass. 403, 404. *Weeks* v. *Currier,* 172 Mass. 53, 55. *Hanley Co. Inc.* v. *Whitney,* 279 Mass. 546, 557.

*Exceptions overruled.*