EDWARD FOGARTY *vs.* KENNETH VAN LOAN & another.

Hampden.     May 8, 1962. — June 11, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Deceit.   Sale,* Warranty, Sale of real estate.   *Contract,* Consideration,
Warranty.

Statements made by the builder of a house to a prospective purchaser
thereof from him, that "the house was well built" and that the cellar had
"a good concrete floor, good foundation walls," and, on occasions when
water in the cellar was discovered, that the water "will disappear when
the earth around the foundation becomes firm" and that "there is nothing
wrong with the house," did not support recovery by the purchaser in an
action for deceit brought against the seller after the sale had been consummated and water had again appeared in the cellar.   [531–532]

A purchaser of a house was not entitled to recover in action against the
seller for breach of warranty by reason of an oral statement, made by
the seller after water was discovered in the cellar, that there was "nothing wrong with the house" and that he would "stand behind it" where,
even if the plaintiff otherwise could have maintained the action, it
appeared that such alleged warranty was made subsequent to the purchase and sale agreement without new consideration.   [532–533]

CONTRACT OR TORT.   Writ in the Superior Court dated
January 5, 1959.

The action was tried before *Macaulay, J.*

*Philip J. Ryan* for the plaintiff.

*Irving Goldblatt* for the defendants.

SPALDING, J.   This is an action of tort or contract.   The
first three counts of the declaration allege deceit, the fourth
count is for breach of an express warranty, and the fifth
count is for "breach of an expressed guarantee" but this
count is not pressed.   The case was submitted to a jury
under leave reserved, and a verdict for the plaintiff was
returned.   Thereafter the judge entered a verdict for the
defendants, subject to the plaintiff's exception.

There was evidence of the following. The plaintiff and his wife, on August 24, 1957, looked at a house owned by the defendants, who are husband and wife. The house had been built by the husband, who is a printer; he will be referred to hereinafter as the defendant. While the parties were in the cellar, the defendant told the plaintiff ''to duck his head because of a low beam. . . . He said 'it was a mistake he made, otherwise the house was well built.' He then called the plaintiff's attention to the rest of the cellar, saying it had 'a good concrete floor, good foundation walls,' and was a 'nice well-built house.' '' The plaintiff decided that evening to buy the house, and moved in with his wife on August 27 under a rental arrangement. On September 15, a purchase and sale agreement was signed.

About the first of October, the plaintiff found water in the cellar and complained to the defendant. The defendant told him ''not to be concerned, [that] any new house will have water in the cellar, [and] that it will disappear when the earth around the foundation becomes firm.'' About November 1, the plaintiff again complained to the defendant concerning water in the basement. This time the defendant went to the house and put some ''flash patch'' on the spots where the water was seeping in. At that time the plaintiff's wife asked the defendant if he would stand behind the house if anything went wrong with it, to which the defendant replied: ''Oh, yes, I will stand behind it, there is nothing wrong with the house.'' There was ''no more water prior to the closing which was . . . on December 5.''

Subsequent to December 5, 1957, the plaintiff noticed several cracks in the cinder block foundation which he had not noticed prior to that date. Around January 1, 1958, water was again found in the cellar. The plaintiff testified that he knew little about houses, was not a ''do-it-yourselfer,'' and that he relied upon the statements of the defendant.

The defendant testified that to his knowledge there was no water in the cellar prior to August 24, 1957.

1. The plaintiff contends that the defendants are liable in tort for deceit because of false statements by the defend-

ant which were susceptible of actual knowledge and which were made as of his own knowledge. He relies heavily on the recent case of *Pietrazak* v. *McDermott,* 341 Mass. 107. The facts in that case are quite similar except that the alleged misrepresentation by the seller was "that he built a good house and that there would be no water in the cellar" (p. 108). The court stated: "[The seller] appears to have been the builder of the house and his assertion could reasonably have been understood by . . . [the buyer] to mean that the construction of the house was such as to preclude the entrance of water" (p. 110). The *Pietrazak* case goes to the verge and we are not disposed to extend it. Here the defendant said that "the house was well built," and that the cellar had "a good concrete floor, good foundation walls," and, when water was first discovered, "that it will disappear when the earth around the foundation becomes firm." We think that the case at bar falls within the ordinary rule that "false statements of opinion, of conditions to exist in the future, or of matters promissory in nature are not actionable." *Yerid* v. *Mason,* 341 Mass. 527, 530. As was said by Holmes, J., in *Deming* v. *Darling,* 148 Mass. 504, 506, this "rule of law is hardly to be regretted, when it is considered how easily . . . words of hope or expectation are converted by an interested memory into statements of quality and value when the expectation has been disappointed." The line between what is actionable and what is not in cases of this sort is often difficult to draw, as illustrated by the *Pietrazak* and *Yerid* cases. But the line exists, and we think that the trial judge drew it correctly in ruling that the plaintiff had not proved a case in deceit.

2. The plaintiff in his fourth count seeks to recover for breach of warranty. The question whether one may recover for breach of warranty in a transaction involving the sale of real estate was left open in *Pietrazak* v. *McDermott,* 341 Mass. 107, 109. The plaintiff contends that the defendant expressly warranted the good condition of the house when he said to the plaintiff and his wife in November: "Oh, yes, I will stand behind it, there is nothing wrong

with the house.'' Assuming, without deciding, that an action for breach of warranty will lie for an oral representation as to the quality of real estate, and assuming that there is no problem under *Pybus* v. *Grasso,* 317 Mass. 716, the short answer to the plaintiff's contention is that there can be no recovery here for the reason that the alleged warranty was made subsequent to the contract for sale without new consideration. See Williston, Contracts (Rev. ed.) § 974.

*Exceptions overruled.*