MARY E. HOLIHAN & another[1] vs. RABENIUS BUILDERS,
INC. & another.[2]

Essex.    March 5, 1969. — April 10, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

Contract, For sale of real estate, Building contract, Merger, Performance
    and breach. Merger. Waiver. Deed, Acceptance. Practice, Civil,
    Appellate Division: what questions open, appeal.

A so called finding, really a ruling of law, by a judge of a District Court
    in an action was brought to this court by his report and an appeal
    from the decision of the Appellate Division. [641]
Where it appeared that, shortly after the execution of a written contract
    for sale and purchase of a parcel of land for a price including the cost
    of construction of a house on the parcel by the seller, a set of specifica-
    tions for the house, not a part of or incorporated in the written con-
    tract, was delivered by the seller to the purchasers, and that there-
    after the construction work progressed, it was held that there were two
    separate contracts. [641]
Where it appeared that the parties to a contract for sale and purchase of
    a parcel of land, containing a provision that "the acceptance of a deed
    and possession . . . shall be deemed a full performance and discharge
    hereof," also made a separate contract for construction of a house on
    the parcel by the seller, and that when the parcel was conveyed to the
    purchasers and they took possession the construction work had not
    been completed, it was held that the seller's undertaking to completely
    construct the house was not merged in the deed nor waived or dis-
    charged by the purchasers' acceptance of the deed and possession.
    [642–643]

CONTRACT. Writ in the District Court of Lawrence dated
September 1, 1965.

The action was heard by Darcy, J.

Thomas H. Collins for the plaintiffs.

Burton A. Shaker, for the defendants, submitted a brief.

WILKINS, C.J.    This is an action for breach of contract
to build a house for the plaintiffs.  There are two counts for

[1] Loyola C. Holihan.
[2] Robert O. Rabenius.

the same cause of action, the first against the individual defendant, and the second against the corporate defendant. The District Court judge found for the defendants, the Appellate Division dismissed a report, and the plaintiffs appealed.

Much difficulty arises out of the form of the contract. The house was to be built on land owned by the corporate defendant, but this undertaking was not contained in a completed writing. The only writing in contract form was on a printed form entitled "Real Estate Agreement," dated July 23, 1963 (exhibit 1), between the corporate defendant and the plaintiffs, who are described as "The Misses Mary E. and Loyola C. Holihan." This is the usual buy and sell agreement sold by stationers, and calls only for the purchase and sale of "a certain estate situated in Lot 1 Argilla Road, Andover . . . containing 31,000 square feet, Plan entitled 'Plan of Land in Andover, Mass., as Subdivided by Robert O. Rabenius on August, 1962 . . . .'" The premises were to be conveyed on or before September 15, 1963, unless some other time should be mutually agreed. The purchase price was $29,500,[1] of which $3,072 was paid as a deposit, and $27,653 was to be paid on delivery of the deed. This price must have included the cost of the house. The "Real Estate Agreement" was signed "Rabenius Bldrs., Inc. Robert O. Rabenius (Pres.) Loyola C. Holihan Mary E. Holihan."

The actual deed signed "Rabenius Builders, Inc. by Robert O. Rabenius, . . . President," is dated and acknowledged on November 27, 1963, and recorded on December 23, 1963. There was no written extension.

The trial judge made these findings. The corporate defendant was a one-man corporation. The entire negotiations with the plaintiffs were conducted by the individual defendant. A few days after the execution of exhibit 1 he delivered to the plaintiffs a document entitled "specifications" (exhibit 2). These were his "standard specifications, as modified for this particular Holihan contract." Exhibit 2

---

[1] This total is not the sum of the deposit and the amount to be paid on delivery of the deed.

was not a part of or incorporated in exhibit 1. Certain extras were requested by the plaintiffs as the work progressed and some were included in the closing statement which was paid by the plaintiffs when title passed. At the time of the transfer of title the plaintiffs paid a total sum of $31,960.35. They first occupied the premises on or about December 10, 1963. Certain work was not completed at the time when title passed. This was known to all parties. After title passed the plaintiffs got in touch with the "defendants," who returned to the premises to see what else needed to be done. A controversy occurred, and "nothing further was ever done by the defendants." Finding numbered 12 was: "The Court finds, that despite any oral agreements to the contrary that might have been made between the parties between the date of the execution of Exhibit #1, and the closing transaction, that the fact of acceptance of the deed together with taking possession of the premises, constitutes a waiver of all rights by the plaintiffs pursuant to the provisions of Exhibit #1."

The trial judge granted requests of the defendants which were disposed of by the Appellate Division on the basis of finding numbered 12 (mistakenly described in their opinion as finding numbered 11). This so called finding was a ruling and was erroneous. The plaintiffs' appeal brings it here. *Burns* v. *Winchell*, 305 Mass. 276, 282. *Gaston Elec. Co.* v. *American Constr. Co. Inc.* 336 Mass. 454, 456. *James J. Derba, Inc.* v. *Hamilton Serv. Inc. ante*, 127, 130. The contract to build the house was collateral to that to convey the land. The trial judge found that the specifications (exhibit 2) were not part of the contract to convey (exhibit 1), and that the specifications were given by the defendants to the plaintiffs after the execution of exhibit 1. This means that there were two contracts.

The defendants, we infer, at first intended to withhold delivery of the deed until the completion of the work on the building. The desire of the plaintiffs for Christmas occupancy led to the conveyance of the land without that work being fully performed. When the controversy occurred, ap-

parently on account of a further bill for extras, the defendants fell back on the doctrine of merger or waiver by acceptance of the deed.

The latter rule applies to defects in the conveyance itself, such as failure to convey all the area contracted for as well as to defects in the title. *Pybus* v. *Grasso*, 317 Mass. 716, 717–718, and cases cited. In that case we said, p. 719, "To the general rule as stated above there is an exception to the effect that promises in the original agreement which are additional or collateral to the main promise to convey the land and are not inconsistent with the deed as given are not necessarily merged in the deed, but may survive it and be enforced after the deed is given." See *McCormick* v. *Cheevers*, 124 Mass. 262, 263; *Graffam* v. *Pierce*, 143 Mass. 386, 388. See also Restatement: Contracts, §§ 240 (1), 413, illustration 2.

The present case falls within the authority of *Lipson* v. *Southgate Park Corp.* 345 Mass. 621, which held (p. 625) that there were two separable undertakings: (1) to convey a parcel of land; and (2) to construct a house in accordance with detailed plans and specifications. The fact that the specifications were annexed to the contract is, if material, less favorable to the buyer than in the case at bar. At pages 625–626, we said, "A provision in a contract as to title and possession will usually be merged in an accepted deed. However, the provisions imposing an obligation upon the defendant to erect a dwelling were so far collateral to the undertaking relating to title and possession, as to indicate that the omission of these provisions from the deed was without an intent to preclude their survival. Unlike the *Pybus* case, there was nothing in the collateral undertaking which was inconsistent with the deed. The deed merely conveyed the premises but it did not constitute performance of an agreement which provided for the erection of a building 'in a careful, workmanlike and substantial manner' and the use of 'new and . . . best' materials in its construction."

Authorities supporting our conclusion that the provisions of the building agreement were not merged in the accepted

deed are found in Annotation, 84 A. L. R. 1008, 1017, and Annotation, 38 A. L. R. 2d 1310, 1325. These include *Stevens* v. *Milestone,* 190 Md. 61, 65–66, *Allen* v. *Currier Lumber Co.* 337 Mich. 696, 700–701, *Weinberg* v. *Wilensky,* 26 N. J. Super. 301, 304–305, and *Greenfield* v. *Liberty Constr. Corp.* 81 N. Y. S. 2d 550, 552. These are also cited in the *Lipson* case (p. 626).

The statement in the purchase and sale agreement (exhibit 1) that "the acceptance of a deed and possession . . . shall be deemed a full performance and discharge hereof" does not change this result. It can have no effect on the building contract. We agree with the finding or ruling of the District Court judge that the specifications (exhibit 2) were no part of the purchase and sale agreement (exhibit 1).

The order of the Appellate Division is reversed. The finding of the trial court for the defendants is vacated. The case is to stand for trial in the District Court.

*So ordered.*