THOMAS J. McMAHON & another vs. M & D BUILDERS, INC.

Norfolk. April 7, 1971. — June 30, 1971.

Present: TAURO, C.J., SPIEGEL, REARDON, QUIRICO, & BRAUCHER, JJ.

*Deceit. Sale,* Rescission, Sale of real estate. *Equity Jurisdiction,* Rescission. *Contract,* For sale of real estate, Building contract, Performance and breach, Merger. *Deed,* Acceptance. *Merger. Equity Pleading and Practice,* Summary final decree. *Rules of Court.*

S. J. C. Rule 1:04 requires that on appeal upon an agreed record a statement of the facts essential to the issues be included in the record. [55–56]

Statements alleged to have been made to prospective purchasers of a house which was structurally complete but otherwise incomplete by the president of the corporation building the house, that its "interior walls were of plaster, that the house contained only the best or first class building materials and appliances, and that the house was soundly constructed and built in a workmanlike manner and was suitable for habitation" were representations of existing facts which if false would support rescission by the purchasers of their subsequent agreement to buy the house. [56–58]

In an agreement for purchase and sale of a lot and a house being built thereon by the seller, a provision that "[t]he acceptance of a deed by the buyer shall be deemed to be a full performance and discharge hereof" applied only to the title to be conveyed, and acceptance of a deed by the purchasers did not merge therein their right to rescind the agreement by reason of false representations concerning the quality of the house by the seller. [59–60]

In a suit in equity to rescind a purchase by the plaintiffs of a lot and house thereon built by the defendant seller, where it appeared that the bill alleged that the defendant made false representations concerning the construction of the house which induced the plaintiffs to enter into the written agreement to purchase the property, that the defendant's answer denied such allegation, that the defendant moved for entry of a final decree under G. L. c. 231, § 59, as amended by St. 1965, c. 491, § 1, that the final decree dismissed the bill, and that on the plaintiffs' appeal therefrom upon an agreed record the record included a summary of "facts material to this appeal" taken from answers by the plaintiffs to interrogatories filed by the defendant but did not include the interrogatories, it was held that upon the limited record this court could not declare that the defendant showed affirmatively that "no genuine issue of material facts" existed, and that allowance of the

defendant's motion and entry of the final decree were reversible errors. [56, 61–62]

In the circumstances, this court declined to consider whether a builder—vendor of a dwelling house impliedly makes any warranties to the initial purchaser for occupancy. [62–63]


BILL IN EQUITY filed in the Superior Court on April 3, 1970.

The plaintiffs appealed from a final decree dismissing the bill entered by *Sullivan,* J.

*Ralph C. Copeland* for the plaintiffs.

*Peter C. Huckins* for the defendant.

QUIRICO, J. This is a bill in equity in which the plaintiffs seek to rescind their purchase of a house and lot from the defendant on the grounds of: (a) false and fraudulent representations made by the defendant concerning the house to procure and induce the plaintiffs to purchase it, (b) breach of implied warranties by the defendant that the house was free from major and structural defects, that it was built in a good and workmanlike manner and that it was suitable for habitation, and (c) breach of an implied warranty by the defendant that the house complied with the building code of the town in which it was located. The case is before us on the appeal of the plaintiffs from a final decree dismissing their bill.

The case is presented to us on an agreed record on appeal under S. J. C. Rule 1:04, 351 Mass. 734–735. The record shows that on July 2, 1970, a judge of the Superior Court allowed the defendant's motion for a final decree and on the same day entered a final decree dismissing the bill. Neither the motion nor the decree is reproduced in the record. The record does not state the grounds for the motion or the basis for the dismissal of the bill. It is only by a reading of the plaintiff's brief that we are able to learn that the motion was probably filed pursuant to the provisions of G. L. c. 231, § 59, as amended by St. 1965, c. 491, § 1, permitting the entry of final decrees on motion therefor in suits in equity where the pleadings and other papers on file "show affirmatively . . . that no genuine issue of material

facts exists and there is nothing to be decided except questions of law, or the form of the decree, or the nature of the relief to be granted." Rule 1:04 permits "an agreed record in the form of a statement setting forth only such pleadings, facts, and documents as are essential to the issues to be presented to the full court." While this rule permits an alternative simplified and abbreviated record on appeal, it still contemplates and requires that a statement of the facts essential to the issues be included in the record. The briefs are no part of the record on appeal. *Foley's Case*, 344 Mass. 456, 458.

Under § 59, a party to a suit in equity which involves rights under a written contract is entitled to have his motion for entry of a final decree allowed without trial on the merits only "if admissions in the pleadings, interrogatories or admissions under section sixty-nine, stipulations affidavits hereunder, show affirmatively . . . that no genuine issue of material facts exists and there is nothing to be decided except questions of law, or the form of the decree, or the nature of the relief to be granted." We must determine whether the record before us and the inferences which may properly be drawn therefrom, when viewed in their light most favorable to the plaintiffs, show that a "genuine issue of material facts exists." The burden is on the defendant as moving party to show that it does not exist. *Hub Associates, Inc.* v. *Goode,* 357 Mass. 449, 451. *United States* v. *Diebold, Inc.* 369 U. S. 654, 655. The standard to be applied in making the determination "is analogous to that used on a motion for a directed verdict." *American Manufacturers Mut. Ins. Co.* v. *American Bdcst.-Paramount Theatres, Inc.* 388 F. 2d 272, 279 (2d Cir.).

We shall summarize the pertinent allegations of the bill and facts stated by the plaintiffs in answers to interrogatories. On June 3, 1969, the parties executed a written agreement by which the defendant agreed to sell and the plaintiffs agreed to buy "the land and buildings thereon located at No. Lot 48 Forest Street in Medfield, Massachusetts, consisting of approximately 33,623 square feet" for a

price of $43,000.   At that time the defendant, which was engaged in the business of building and selling houses, was building a house on the lot in question.   The house was structurally complete.   The exterior and interior painting, landscaping, hanging of interior doors, and installation of electrical appliances and plumbing fixtures had not been completed.   The plaintiffs looked at the house on May 31, June 2 and June 3, 1969, and they spoke to the defendant's president, William G. Duhaime, about the house and its construction on all three dates.

The plaintiffs allege in their bill that before they signed the agreement, "the defendant, its agents, servants or employees represented that the interior walls were of plaster, that the house contained only the best or first class building materials and appliances;  and that the house was soundly constructed and built in a workmanlike manner and was suitable for habitation."   They allege further that they relied on these representations, that all of them were false, that the defendant knew or should have known that the representations were false and that they were made with the intent to defraud the plaintiffs.

The plaintiffs contend that the false statements made by the defendant were representations of material facts and therefore, in combination with the additional allegations, are actionable and entitle them to rescind their purchase.   The defendant contends that the statements are "generalities [which] amount only to the usual sales talk between prospective seller and buyer and, therefore, fall within the ordinary rule that 'false statements of opinion, of conditions to exist in the future, or of matters promissory in nature are not actionable.'"   We recognized in *Fogarty* v. *Van Loan*, 344 Mass. 530, 532, that "the line between what is actionable and what is not in cases of this sort is often difficult to draw."   In the present case the defendant was the builder of the house about which its president made representations to the plaintiffs.   The house was almost completed when the statements were made.   It had progressed to the point where representations that the interior walls were of

plaster, that the house contained only the best or first class materials, and that it was soundly constructed and built in a workmanlike manner were statements of facts which the defendant then represented to exist. They were in no sense statements of opinion, of conditions to exist in the future, or of matters promissory in nature. We hold that they were representations of facts, and that if they were false they were actionable.

This case is governed by our holdings in *Kabatchnick* v. *Hanover-Elm Bldg. Corp.* 328 Mass. 341, 343–347, *Pietrazak* v. *McDermott,* 341 Mass. 107, 109–110, *Powell* v. *Rasmussen,* 355 Mass. 117, 119, and *Maxwell* v. *Ratcliffe,* 356 Mass. 560, 562-563, all relating to false representations of facts; and not by our holdings in *Yaghsizian* v. *Saliba,* 338 Mass. 794, *Yerid* v. *Mason,* 341 Mass. 527, 529–530, and *Fogarty* v. *Van Loan,* 344 Mass. 530, 532, all dealing with false statements of opinion, of conditions to exist in the future, or of matters promissory in nature.

The plaintiffs allege that "the representations made by the defendant . . . were false, which the defendant knew or should have known, and were made with the intent to defraud the plaintiffs." Despite these broad allegations, the plaintiffs may be entitled to rescind on proof of much less. In *Yorke* v. *Taylor,* 332 Mass. 368, 371, the trial judge had found that the defendants had misrepresented the assessed valuation of property being sold, but that they had "acted in good faith and had no intention of misleading or deceiving the plaintiff." We said that "these findings would not defeat the right to rescind. In this Commonwealth one who has been induced to enter into a contract in reliance upon a false though innocent representation of a material fact susceptible of knowledge which was made as of the party's own knowledge and was stated as a fact and not as matter of opinion is entitled to rescission." *Rudnick* v. *Rudnick,* 281 Mass. 205, 208. *Golding* v. *108 Longwood Ave. Inc.* 325 Mass. 465, 467–468. *Enterprises, Inc.* v. *Cardinale,* 331 Mass. 244. *Bellefeuille* v. *Medeiros,* 335 Mass. 262, 265.

The plaintiffs devote a portion of their brief to the argument that the "doctrine of merger" is no bar to the relief which they seek. We assume that they refer to the rule stated in *Pybus* v. *Grasso*, 317 Mass. 716, 717, quoting from Restatement: Contracts, § 413, to the effect that "the acceptance of a deed of conveyance of land from one who has previously contracted to sell it, discharges the contractual duties of the seller to the party so accepting except such as are embodied in the deed . . . ." The defendant does not argue this point in its brief. The sketchy agreed record on appeal does not state the grounds or basis for the judge's entry of a decree dismissing the bill without trial. On the assumption that coverage of the issue by the plaintiffs' brief indicates that it was probably involved in the judge's action, we deal with it briefly. If the question is involved it arises under the following provision of the contract in this case: "If the seller shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease. *The acceptance of a deed by the Buyer shall be deemed to be a full performance and discharge hereof*" (emphasis supplied).

In the *Pybus* case, *supra*, after stating the general rule quoted above, we added at page 719: "To the general rule as stated above there is an exception to the effect that promises in the original agreement which are additional or collateral to the main promise to convey the land and are not inconsistent with the deed as given are not necessarily merged in the deed, but may survive it and be enforced after the deed is given." The later case of *Lipson* v. *Southgate Park Corp.* 345 Mass. 621, 625, 626, involved an agreement whereby the plaintiff agreed to buy and the defendant to sell a parcel of land together with a house to be built thereon in conformity with certain plans and specifications. We held that "there were at least two separable undertakings agreed to by the defendant: (1) to convey a parcel of land; (2) to construct a house . . . ," that the case fell within the exception to the general rule stated in the

*Pybus* case, and that "all the provisions of the purchase and sale agreement were not merged into the accepted deed." In *Holihan* v. *Rabenius Builders, Inc.* 355 Mass. 639, 641–643, on facts substantially similar to those in the *Lipson* case, the same reasoning was applied and the same result was reached.

The opinion in the *Holihan* case includes additional language which suggests a second and at least equally tenable basis for holding that the doctrine of merger or waiver by acceptance of the deed did not apply. The agreement in that case was very much like the one before us now. It was apparently a simple printed form of agreement commonly used for the purchase and sale of real estate. It was not specifically drafted for, or intended for use in a case of the sale of a lot with a house to be built or completed thereon. Both agreements contain the provision that the acceptance of a deed by the buyers shall be deemed a full performance and discharge thereof. In the *Holihan* case we said that "the doctrine of merger or waiver by acceptance of the deed . . . applies to defects in the conveyance itself, such as failure to convey all the area contracted for as well as to defects in the title" (p. 642), and that "the statement in the purchase and sale agreement . . . that 'the acceptance of a deed and possession . . . shall be deemed a full performance and discharge hereof' does not change this result. It can have no effect on the building contract" (p. 643). We hold that the substantially similar language in the agreement in the present case is likewise applicable only to the title to the real estate which was to be conveyed, and that the plaintiffs' acceptance of the deed operated as a merger or waiver only to the extent of precluding any claim that the title which the defendant conveyed did not satisfy the requirements of the agreement.[1]

By its answer to the plaintiffs' bill the defendant admitted only the allegations that it entered into the purchase and

---

[1] The agreement required the defendant as seller to convey "by a good and sufficient deed conveying a good and clear record and marketable title thereto free from encumbrances except the provisions of the local zoning laws, [and] taxes for the current year . . . [which] shall be apportioned to date of conveyance."

sale agreement with the plaintiffs, that it conveyed the real estate in question to them, and that true copies of the agreement and deed are attached to the bill. It denied all other allegations of the bill. Thus a genuine issue of material facts arises from the pleadings as to the plaintiffs' allegations that the defendant made false representations about the house to induce them to enter into the agreement. If the motion for final decree were to be determined on the basis of the bill and answer alone, it should have been denied.

The agreed record includes a summary of "facts material to this appeal" taken from answers by the plaintiffs to interrogatories filed by the defendant. We assume from the inclusion of this summary that the judge may have considered these answers in deciding whether a genuine issue of material facts existed, but this is not clear from the record. If the evidence at the trial were to be limited to what is stated in the summary, it might be of doubtful sufficiency on the issue of the defentant's false representations. However, since the interrogatories are not in the record, we do not know the scope of inquiry which produced their answers. Since the answers must be responsive, they are limited by the language of the interrogatories. We cannot assume or conclude that the plaintiffs, at a trial on the merits, would be unable, either personally or through other witnesses, to present evidence in addition to what is contained in the summary of their answers to interrogatories. Although the plaintiffs' answers may constitute admissions, that does not prevent them from introducing additional evidence on the same issue or other issues, or from explaining any such admission. If the answers are offered in evidence by the defendant, they may bind the defendant if they are uncontradicted, but they will not bind the plaintiffs. *Woodman* v. *Powers*, 242 Mass. 219, 223. *Washburn* v. *R. F. Owens Co.* 258 Mass. 446, 449. *Dome Realty Co.* v. *Cohen*, 290 Mass. 36, 39.

On the limited record before us it cannot be held that the defendant "shows affirmatively . . . that no genuine

issue of material facts exists" on the matter of the false representations allegedly made by it.   It was therefore error to allow the defendant's motion for a final decree and to enter a final decree dismissing the bill without a trial on the merits of that part of the case.   G. L. c. 231, § 59.

The parties on both sides of this case have asked us to decide the important question whether the builder-vendor of a dwelling house impliedly warrants to the initial purchaser for occupancy (a) that the house was built in a good and workmanlike manner, (b) that it is suitable for habitation, and (c) that it was built in compliance with applicable building laws, ordinances, regulations or codes. They have argued this question at length in their briefs. The plaintiffs argue that there is a trend in the opinions of some jurisdictions, other than this Commonwealth, toward the implication of such warranties.   To the extent that we have considered this question, we have not committed ourselves to that trend.   *Spencer* v. *Gabriel*, 328 Mass. 1.   *Donahue* v. *Stephens*, 342 Mass. 89, 92.   *Albano* v. *Western Constr. Corp.* 357 Mass. 647.   While we may be asked to reconsider our position on this important question in an appropriate case and on a record which presents it properly, we do not believe that this is such a case.

The parties are in effect asking us to rule on a demurrer which, although argued in the Superior Court, has not been decided by that court.   Since the demurrer is not reproduced in the record, we do not know whether it was directed specifically to the allegations of implied warranties, or only to the bill generally.   The judge who heard the demurrer ordered, on May 4, 1970, that it be deferred "until after hearing on [the] merits" of the case.   On the same date he referred the case to a master for hearings to start on or before June 14.   He later changed that date to June 29.   With the case in that status, another judge of the same court entered the final decree dismissing the bill on July 2, 1970, apparently before any hearings were held by the master.

The question whether any warranties are to be implied in the sale of a dwelling house by a builder-vendor to the

initial purchaser for occupancy is much too important to be considered on a record which fails to disclose whether or not it was a factor in the entry of the final decree from which the appeal before us was claimed.

The final decree dismissing the bill is reversed, and the order allowing the motion for the entry of such decree is vacated. The case is to stand for further proceedings in the Superior Court.

*So ordered.*