BADGER, PARRISH, SULLIVAN & FREDERICK
 of Boston for defendant.

*Southern District*

No.

## DONALD G. OWENS, ET AL.

v.

## LALLIER & SONS, INC.
## ARMAND LALLIER

[redacted]

[redacted]

[redacted]

*Present:* Murphy, P.J., Lee, Covett, J.J.

Case tried before *Rider, J.* in the District Court of Northern Norfolk No. 61039.

**Lee, J.** This is an action of contract and/or tort to recover damages for work allegedly uncompleted upon premises sold by the defendant Lallier & Sons, Inc. to the plaintiffs.

Plaintiff's original declaration was in two counts, and read as follows:

*COUNT ONE:* The plaintiffs say that on or about March 18, 1968, the plaintiffs purchased from the defendants, a dwelling house at 102 Greensboro Road, Dedham, and paid the full purchase price therefor. In consideration of which, the defendants promised to complete the construction thereof and that the defendants, although frequently demanded by the plaintiffs

to complete said construction, have failed to complete it as agreed, all to the plaintiffs great damage as in their writ alleged.

*COUNT TWO:* The plaintiffs say that the defendants owe them the sum of two thousand five hundred dollars ($2,500.00) according to an account annexed hereto and marked "A".

Both counts are for the same cause of action.

"A"

1. Fair market value of work remaining to be completed at 102 Greensboro Road, Dedham, according to purchase and sale between the above mentioned parties on or about March 18, 1968.
..................................... $2,500.00

2. Total ..................... $2,500.00

After the testimony of the witnesses had commenced, the plaintiffs were permitted to amend their declaration as follows:

*COUNT THREE:* The plaintiffs say that the defendants sold to them certain premises consisting of a one story frame dwelling house and about 6,460 square feet of land situated at 102 Greensboro Road, in Dedham, in said County, for the sum of $24,000.00; that the defendants knew that the plaintiffs and their family were to occupy the same for dwelling purposes; that to induce the plaintiffs to purchase the said premises the defendants falsely and fraudulently represented to the plaintiffs that the premises were in good and sound condition, that the cellar of said premises would be free of

water, that no water would get into the cellar of said premises, that he would repair and replace certain defects in workmanship and that said premises were safe and fit for occupancy.

And the plaintiffs say that relying upon the truth of said representation they were induced to purchase, and did purchase the said premises from the defendants and moved in with their family; that the cellar was not in good order and condition; that water in great quantities was at all times discharged and entered into the same; that by reason thereof said premises were in an imperfect, defective, unhealthy, unsafe condition and unfit for occupancy, that the repairs represented would be made were not, all of which the defendants well knew and all of which the plaintiffs did not know; that the plaintiffs using and occupying said premises suffered greatly by the annoyance and nuisance of large quantities of water in said cellar; that it has and will cause the plaintiffs great inconvenience and has put and will put the plaintiffs to great expense, all to the damage of the plaintiffs.

The defendant Lallier & Sons, Inc. in its answer set forth the defenses of a general denial, that the plaintiffs had accepted a deed to the premises in question in full performance of the agreement of purchase and sale, that the agreement alleged in the plaintiffs' declaration was one concerning real estate and not in writing and is barred by the Statute of Frauds.

The defendant Armand Lallier in his answer set forth a general denial, that the agreement concerned real estate, was not in writing, and was barred by the Statute of Frauds. In addition, the defendant Armand Lallier answered that the items set forth in Count II of the declaration could not be the subject of an account annexed, and further that the matters set forth against him as an individual were of a secondary nature as guarantor or surety, and that the plaintiffs could not recover.

There was a general finding for the plaintiffs in the sum of $2,328.00.

Count 2 is not an issue in this case. At the outset the defendant raises the trial justice's general finding, inasmuch as Count 1 sounded in contract and Count 3 sounded in tort. A finding on both counts would have been preferable but failure to do so is not fatal where the cause of action arises out of the same matter, as in this case. See G.L,c.231, §7, Sixth. *Rock-Ola Mfg. Corp.* v. *Music and Television Corporation,* 339 Mass. 416, 425-427; *Carroll* v. *Goyette,* 32 Mass. App. Dec. 129. A review of the evidence and the facts found by the trial justice manifest ample grounds warranting a general finding for the plaintiffs on both counts.

We now direct ourselves to the main thrust of the defendants' argument, which asserts that there could be no finding for the plaintiffs on Count 1 or Count 3. An examination of the reported evidence supports the trial justice's

finding of fact that there was a separate oral agreement, whereby the defendants would repair certain defects then existing in the house, if the plaintiffs would not postpone the passing of papers. There was also a written guarantee to the effect that the cellar would be dry for two years. On the strength of these agreements, the plaintiffs proceeded to pass papers and a deed was effectuated. The defects were not remedied and water came into the cellar within the two years.

The defendant maintains, in regard to Count 1 in contract, that the acceptance of the deed bars recovery on the prior oral agreement to make repairs.

This rule applies only to defects in the deed itself such as failure to convey all the area contracted for, as well as to defects in title. *Pybus* v. *Grasso,* 317 Mass. 716, 717, 718. There is also a well-known exception to this rule, in that promises made in an original agreement, which are additional or collateral to the main purpose to convey real estate and are not inconsistent with the deed as given are not necessarily merged in the deed, may survive it and be enforced after the deed is given. *McCormick* v. *Cheevers,* 124 Mass. 262, 263. *Lipson* v. *Southgate Park Corporation,* 345 Mass. 621, 624, 625. *Holihan* v. *Rabenius Builders, Inc.,* 355 Mass. 639, 641, 642, 643.

The contract in the instant case was based

on adequate consideration, falls within this exception and is supported by the evidence.

In regard to Count 3, which alleges that the defendants falsely represented to the plaintiffs that the cellar would be dry for a period of two years, the court found this to be a false statement of a material fact relied upon by the plaintiffs to their damage. The evidence supports the plaintiffs that this was an actionable tort for deceit. See *Pietrazak* v. *McDermott,* 341 Mass. 107, 109, 110.

The court also found the defendant, Armand Lallier, liable individually, as well as binding the corporation, as its agent. This was a correct application of law on the facts found in this case. *Elwell* v. *State Mutual Life Assurance Company,* 230 Mass. 248, 253. *Norfolk County Trust Co.* v. *Green,* 304 Mass. 406, 408.

There was also sufficient evidence to warrant the judge's award of damages.

There being no prejudicial error in the judge's denial of the defendants' requests for rulings of law or his findings, **the report is to be dismissed.**

JAMES F. MORAN
   for the plaintiffs.

JAMES M. McDONOUGH
   for the defendants.