*Northern District*

No. 7906

## CHARLES G. MORETTO

v.

## JOHN WAKEFIELD AND HILDA WAKEFIELD

Argued: Nov. 2, 1972 - Decided: Jan. 18, 1973

*Present:* Parker, P.J., Cowdrey, Mason, JJ.
Case tried to *Cullen, J.* in the Forth District
Court of Eastern Middlesex. Date of Find-
ing or Decision appealed from: June 5, 1972.
Docket number: 666 of 1971.

**Mason, J.** This is an action of tort for deceit in which the plaintiff alleges reliance on the false representation of the defendants that the sewerage system in a house purchased from the defendants was in good condition and in working order. The answer contains a general denial, a plea of payment, sets up an equitable answer by way of estoppel, and further pleads the plaintiff's contributory negligence as a bar to recovery.

The defendants [claim to be] aggrieved by the court's denial of the following requests for rulings:

1. The defendant, Hilda Wakefield, is entitled to a finding in her favor as the plaintiff has failed to prove:

> a) That the defendant, Hilda Wakefield, made any misrepresentations to the plaintiff with regard to the sewerage system at the alleged premises.

> b) That any agent or servant of the defendant, Hilda Wakefield, made representations to the plaintiff with regard to the sewerage system, by which the defendant, Hilda Wakefield was bound.

2. The plaintiff is not entitled to recover damages from the defendants, or either of them, as the plaintiff has failed to sustain his burden to prove:

> a) That his damage directly resulted from the alleged misrepresentations.

> b) That his damage directly resulted

from the alleged misrepresentations, as opposed to plaintiff's failure to use ordinary and reasonable care in maintaining a septic system, having in mind the increased use and type of use given by the plaintiff to this system.

And by a finding for the plaintiff in view of the allowance of the following request for rulings:

3. On all the evidence a finding for the plaintiff is not warranted for the following reasons:

a) The representations made by the defendant amounted to nothing more than an expression of strong belief, and are not actionable. *Harris* v. *Delco Products, Inc.*, 305 Mass. 362, 365-366.

b) That the representations made by the defendants, or either of them, to the plaintiff are not actionable as they are merely statements of opinion, of conditions to exist in the future, or of matters promissory in nature. *Yerid* v. *Mason*, 341 Mass. 527. *Fogarty* v. *VanLoan*, 344 Mass. 530.

The court made the following special findings of fact:

"I find that the defendant, John Wakefield, made false representations as to the sewerage system. At the time these allegations were made he was not only acting on behalf of himself, but also as agent for his wife, Hilda

Wakefield. These representations made by John Wakefield were in fact not truthful, were not an expression of strong belief nor statements of his opinion, but were in fact falsehoods, intentionally given to conceal the actual condition of the sewerage system.''

''The damage sustained by the plaintiff was as a direct result of these misrepresentations and not as a result of the plaintiff's failure to take reasonable care in maintaining the septic system.''

**There was evidence that** in February 1970 prior to the execution of the purchase and sale agreement that an on-site inspection by the plaintiff revealed a wet area; that the plaintiff inquired of the defendant, John Wakefield, as to whether a wet area on the premises was caused by or related to the sewerage system which was located on the premises; that the defendant assured the plaintiff that they had not had problems with the sewerage system and did not expect that the plaintiff would have any problems with the sewerage system; that in reliance on the defendant's statement with regard to the sewerage system, the plaintiff therafter signed a purchase and sale agreement and purchased the premises. **There was further evidence that** the wet area continued to exist from the time of inquiry to the time of purchase and subsequently developed a sewerage odor.

The question is whether there was any mis-

representation, as distinguished from a statement, promissory in character, for which the plaintiff may recover.

False statements of opinion, of conditions to exist in the future, or of matters promissory in nature are not actionable. *Yerid* v. *Mason,* 341 Mass. 527, 530.

If a statement of fact which is susceptible of actual knowledge is made as of one's own knowledge and is false, it may be the basis for an action of deceit without proof of an actual intent to deceive. *Chatham Furnace Company* v. *Moffatt,* 147 Mass. 403, 404. *Pietrazak* v. *McDermott,* 341 Mass. 107, 108.

The only statement in regard to the septic system was ". . . . that they had not had problems with the sewerage system and did not expect that the plaintiff would have any problem."

The defendant relies on the cases of *Harris* v. *Delco Products, Inc.,* 305 Mass. 362, 365, 366, and *Fogarty* v. *VanLoan,* 344 Mass. 530, which deal with statements made relative to some type of future performance or status, which was not susceptible of actual knowledge at the time such statements were made, and *Yerid* v. *Mason,* 341 Mass. 527, 530, that such statements are not actionable.

These cases are distinguishable from the instant case in that the defendant admittedly had knowledge of past problems with the sewerage system.

The defendants argue that the allowance of requests 3 a) and 3 b) are inconsistent with a finding for the plaintiffs, and although allowed, the judge does not make findings consistent with the requests.

In a case where a party wishes to challenge a judge's finding as being inconsistent with rulings of law made by him, it is appropriately done by a motion for a new trial. *Veira* v. *Balsamo,* 328 Mass. 37, 39.

The docket indicates that a motion for new trial was filed but no reference was made in the defendant's brief or argument concerning its disposition.

A trial court not infrequently grants requests for rulings, then finds against the same party. This is not necessarily inconsistent. *Mastercraft Wayside Furniture Co.* v. *Sightmaster Corp.,* 332 Mass. 383.

A request that "on all the evidence a finding for the plaintiff is not warranted" asks the judge to rule that on all the evidence in its aspect most favorable to the plaintiff, a finding would not be permitted for the plaintiff.

A request for a ruling that the evidence does not warrant a general finding for the plaintiffs cannot be granted unless, upon the entire evidence with all permissible inferences which can be drawn therefrom, a finding for the defendants is required as a matter of law. If there is evidence to support a finding for

the plaintiffs, then the request could be properly denied. *Hooper* v. *Kennedy,* 320 Mass. 576.

The trial justice's special findings clearly show an inconsistency in the allowance of this request. While the allowance of these requests would require a finding for the defendants, as a matter of law, the trial judge's special findings of fact are supported by the evidence and are sufficient to warrant the entry of judgment for the plaintiffs.

The general and special findings of the trial judge in an action at law are to stand if warranted in law upon any possible view of the evidence. It is not the function of this Division to pass upon the weight of the evidence even though reported in full. The only question for us to decide on that phase of the case is whether upon the evidence, with all rational inferences which might be drawn therefrom, the findings can be sustained. The general finding is conclusive if there is any evidence to support it. *Moss* v. *Old Colony Trust Co.,* 246 Mass. 139, 143, 144. *Heil* v. *McCann,* 359 Mass. ——.

We find no error in the denial of request No. 4.

The only evidence to be considered relative to Hilda Wakefield's liability contained in the report is that the statement regarding the sewerage system was made by the defendant, John Wakefield, and that the defendant Hilda

Wakefield did not make such a statement, but was present at the time the statement was made by her husband, John Wakefield.

The fact that the defendant, Hilda Wakefield, was present at the time the statement was made, without more, is not enough to show that the defendant, John Wakefied, was acting as her agent. The mere relation of husband and wife is not sufficient to show that one spouse is acting as agent of the other. *Hannon v. Schwartz,* 304 Mass. 468, 470.

It was prejudicial error to deny Request No. 1.

Finding for the plaintiff against the defendant, Hilda Wakefield, is vacated.

Finding is to be entered for the defendant, Hilda Wakefield.

The report of the defendant, John Wakefield, is to be dismissed.

No Argument or Brief Filed for Plaintiff

STEPHEN GAUDET
for Defendant

*Judge Haven Parker did not participate in this opinion as a result of an amendment to Article 1 of Chapter 3 of Part II of the Constitution of the Commonwealth of Massachusetts, as amended, by Article 58 of the Amendments, on January 4, 1973.*