ROBERT A. GALLANT *vs.* TRW, INC. & others. March 26, 1982. After the plaintiff had purchased and moved into his house, he discovered a serious water problem in the basement and commenced this action against the seller (TRW, Inc.) and the brokers (Loran E. Wallace and Homeland Realty, Inc.), alleging breach of warranty and misrepresentation. The action was referred to a master, who found for the defendants. The plaintiff seasonably filed objections to the report together with a motion to recommit. A judge of the Superior Court denied the motion and adopted the report. Judgment entered for the defendants.

The prolix report contains what purports to be twenty-four subsidiary findings of fact and fifteen "general findings." The report purports to disclose on its face all the subsidiary findings which the master had in mind and upon which he based his general findings. See *Bills* v. *Nunno*, 4 Mass. App. Ct. 279, 282-283 (1976). The subsidiary findings, however, are replete with references to the transcript and contain numerous incorrect rulings of law. In several instances, the findings appear to paraphrase testimony of the witnesses. The general findings are likewise flawed by several incorrect rulings of law (see *Pietrazak* v. *McDermott*, 341 Mass. 107, 109 [1960]), intermingled with additional subsidiary findings of fact. The general findings also contain a convoluted attempt by the master to state the reasoning behind his decision. Many of the critical findings of fact are inconsistent and contradictory. For example, a reading of findings nos. 6, 7, and 8, together with findings nos. 25 and 26 could lead with equal probability to the conclusion that Wallace misrepresented the condition of the basement, thereby making both TRW, Inc., and himself liable for deceit, or to the conclusion that Wallace was not responsible because he advised the plaintiff that he was merely repeating information received from others. See *Yorke* v. *Taylor*, 332 Mass. 368, 371 (1955). There are similar difficulties of logical consistency in findings nos. 6, 9 and 11, and in findings nos. 35 through 37. It is apparent that the master at several points adopted as findings the arguments of the parties without regard to the contradictions that would be created in the report by that approach. Moreover, the findings on several of the vital issues (including knowledge of the warranty provision in the purchase and sale agreement on the part of the seller's attorney at the time of the closing) are vague and unspecific, and leave the general findings ultimately predicated thereon lacking in sufficient foundation. See *Lattuca* v. *Cusolito*, 343 Mass. 747, 752-753 (1962), and cases cited; *Glynn* v. *Gloucester*, 9 Mass. App. Ct. 454, 457-458 (1980). In short, the findings lack directness, homogeneity and logic, and, as a consequence, do not provide a rational framework suitable to support a judgment.

We have no doubt that the judge made a conscientious effort to make sense of the report in an effort to prevent further delay. It is obvious to us, however, that recommittal to the master for clarification or further findings would be an exercise in futility. The issues in this case are relatively

uncomplicated. Some may be susceptible to disposition by way of a well-documented motion under Mass.R.Civ.P. 56, 365 Mass. 824 (1974). Any issues which remain for trial belong before a judge, who is "in a far better position . . . to separate the lawsuit's wheat from its chaff and to bring the case to an orderly and fair conclusion." *Glynn* v. *Gloucester, supra* at 463. In these circumstances, we conclude that basic fairness requires that the parties be given a trial in the Superior Court.

The judgment is reversed. Orders are to be entered rejecting (Mass.R. Civ.P. 53(e)(2), 365 Mass. 820 [1974]) the report in its entirety and discharging the order of reference. The case is to stand for further proceedings in the Superior Court consistent with this opinion.

*So ordered.*

*Nicholas A. Abraham* for the plaintiff.
*Leonard M. Singer* for TRW, Inc.