Agnes, A.J.
This case arises out of the sale of residential property located at 41 Griffin Road, Westford, Massachusetts from Terrance and Nancy Queenan (hereinafter “Sellers”) to Edward and Susan Davis (hereinafter “Plaintiffs”). The Plaintiffs brought *735 suit to recover for certain defects in the house. As is relevant here, the Plaintiffs allege that Paul Reppucci (hereinafter “Reppucci”) served as a broker in the sale of this property and engaged in fraud and misrepresentation by advising the Plaintiffs that they could not obtain a home inspection prior to the closing and that Sellers would repair any defects in the property.
A motion to dismiss should be granted when a plaintiff fails to state a claim upon which relief may be granted. Mass.R.Civ.P. 12(b)(6). In considering a motion to dismiss, all facts alleged in the complaint are to be accepted as true and all reasonable inferences are drawn in the plaintiffs favor. Spinner v. Nutt, 417 Mass. 549, 550 (1985). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts to entitle him to relief. Bell v. Mazza, 394 Mass. 176, 184 (1985).
To state a claim for misrepresentation,- a plaintiff must allege that a false statement of material fact relied on by the plaintiff induced him to act to his detriment. Ravosa v. Zais, 40 Mass.App.Ct. 47, 53 (1996). Failure to disclose constitutes misrepresentation where there is a duty to disclose. Greenery Rehab. Group v. Antaramian, 36 Mass.App.Ct. 73, 78 (1994). Liability for misrepresentation must be based on statements of fact, not statements of opinion, estimate, expectation or judgment. Powell v. Rasmussen, 355 Mass. 117, 118 (1969). A statement of fact is a statement of anything “susceptible of knowledge.” Zimmerman v. Kent, 31 Mass.App.Ct. 72, 80 (1991). While there maybe some close cases, see, e.g., Fogarty v. Van Loan, 344 Mass. 530, 532 (1962), it is settled that “[a] representation is one of opinion if it expresses only (a) the belief of the maker, without certainty, as to the existence of a fact; or (b) his judgment as to quality, value, authenticity, or other matters of judgment.’ ”McEneaney v. Chestnut Hill Realty Corp., 38 Mass.App.Ct. 573, 575 (1995), quoting Restatement (Second) of Torts §538A (1977).
Reppucci claims that the Plaintiffs fail to state a claim because the statements allegedly made by him were statements of opinion, judgment, expectation or estimate. In this case, the statement that a home inspection would be a waste of time because it is not provided for in the Purchase and Sale agreement was reasonably understood by the Plaintiffs as a statement based on Reppucci’s knowledge as a real estate broker. A statement of fact is an assertion reasonably understood by the party hearing the statement to be based on the speaker’s own knowledge. Pietrazak v. McDermott, 341 Mass. 107, 110 (1960). Furthermore, Reppucci’s statement that the sellers “would repair anything found wrong with the house,” is a statement of the existing arrangement between the Plaintiffs and the Sellers susceptible of knowledge by Reppucci in his role as the real estate broker. The Plaintiffs could reasonably understand this statement as one of fact based on Reppucci’s knowledge of and understanding with the Sellers. Accord, Sheehy v. Lipton Industries, Inc., 24 Mass.App.Ct. 188, 192 (1987) (“We think the answer of Algonquin’s broker’Don’t worry about it’made in direct response to a question by the plaintiff about the possible presence of hazardous material on the property cannot be held, as matter of law, to be incomprehensibly ambiguous or mere seller’s talk. On the present record, it is possible that the statement could be found to be a false statement of fact. The remark is not to be looked at in isolation but in the context of the whole situation”). See also McEneaney v. Chestnut Hill Realty Corp., 38 Mass.App.Ct. 573, 575 (1995). Such a statement is unquestionably material in the circumstances of a real estate transaction. Because Reppucci’s alleged statements were susceptible of knowledge and do not constitute assertions of expectation, opinion, estimate or judgment, the Plaintiffs have stated a claim for negligent misrepresentation.
ORDER
Because the Plaintiffs complaint states a claim upon which relief can be granted, Reppucci’s motion to dismiss is DENIED.