Fremont-Smith, Thayer, J.
This case arose out of the alleged discovery by plaintiffs Laurence and Gwen Bloch (“the Blochs”) of structural defects in their home after purchasing it from Gianmarco and Martha Bovelli (“the Bovellis”). The Blochs sued the Bovellis and their development companies, alleging fraud, negligent misrepresentation, breach of contract, breach of implied contract of good faith and fair dealing, negligence, fraudulent conveyance, and Chapter 142A violations. The Bovellis filed a third-party complaint for contribution, indemnification, and breach of contract against the engineers who inspected and certified the construction work: WCB Associates Construction Engineering and Surveying, Inc. (“WCB”) and Structural Consulting Design Team, Inc. (“SCDT’).
The Bovellis now seek to amend their third-party complaint to add Counts VII, VIII, and IX against the follow-on contractors that the Bovellis hired after the engineers finished their inspection: Fragale Building Corporation (“Fragale”), Tight Roofing & Construction (“Tight Roofing”), and Sean Reilly (“Reilly”). WCB moves for judgment on the pleadings, requesting dismissal of Count I, II, and III of the third-party complaint. The Blochs and the Bovellis have also filed cross-motions for partial summary judgment.

I.Motion to Amend the Third-Party Complaint (docket #67)

Massachusetts Rule of Civil Procedure 14(a) allows “a defending party, as a third-party plaintiff . . . [to] cause a summons and complaint to be served upon a person who is or may be liable to him for all or part of the plaintiffs claim against him.” Mass.R.Civ.P. 14(a). Because impleader should not be a “vehicle for tendering a defendant,” defendants may only implead third parties that are potential joint tortfeasors for contribution. Smith and Zobel, Rules Practice §14.7 at 251 (2nd ed. 2006 & Sup. 2008). However, indemnification is generally unavailable to a joint tortfeasor because the right to indemnify arises only when the would-be indemnitee did not join in any wrongful conduct. Decker v. Black & Decker Mfg. Co., 389 Mass. 35, 40 (1983); Slocum v. Donahue, 44 Mass.App.Ct. 937, 939 (1998). On the alleged facts of this case, however, there is no way that the Bovellis can be liable unless they were at fault.
Because indemnification is generally unavailable to joint tortfeasors and the follow-on contractors cannot be contractually liable to the Blochs, the Bovellis may only amend their third-party complaint to add Count VII for contribution, so that the motion is allowed as to Count VII. The motion to amend as to Counts II and III for indemnification and breach of contract is denied.

II.Cross Motion and Joinder of WCB for Judgment on the Pleadings to Dismiss the Third-Party Complaint (docket #68)

As to the cross-motion by WCB for judgment on the pleadings, the Court applies the same reasoning used above to dismiss Counts II and III for indemnification and breach of contract. Accordingly, the motion to dismiss is allowed as to Counts II and III of the amended complaint.

III.Plaintiff’s Motion for Partial Summary Judgment (docket #58)

As for the misrepresentation and breach of contract counts (counts III, and IV) of the amended complaint, it appears to be undisputed that the Bovellis misstated to the plaintiffs, in their P&S agreement, that the Bovellis had no knowledge of any litigation relating to the premises, whereas there was a lawsuit pending of which they were fully aware and thus breached their covenant to notify plaintiffs of any such litigation. There are no facts upon which a jury could reasonably conclude that a breach of contract and a misrepresen *228 tation did not occur. There remains, however, a dispute of fact as to whether the plaintiffs were damaged by such breach of contract and as to whether they reasonably relied on such misrepresentation, as the Bovellis assert that plaintiffs’ title examiner had knowledge of the lawsuit. It is not clear whether the title examiner communicated to the plaintiffs any knowledge that he had as to the pending litigation, and if so, whether plaintiffs reasonably relied on the misrepresentation or were damaged by the breach of contract. The plaintiffs’ motion for summaiy judgment, therefore, is denied as to count III (breach of contract) and IV (misrepresentation).
As for plaintiffs’ count VII (for breach of c. 142A), a “contractor” is defined as “a person who owns or operates a contracting business who... submits a bid for residential contracting work.” As it is not disputed that the Bovellis own the business which contracted for the work, they appear to fall within the definition of “contractor,” so there can be a cause of action against them individually. As there remains a material issue of disputed facts, however, whether the contract was improperly performed, plaintiffs’ motion is denied as to Count VII.

IV. Defendants’ Cross-Motion for Partial Summary Judgment (docket #60)

In regards to counts I and VI of the amended complaint (fraud and misrepresentation) the motion is denied, as a misrepresentation by defendants is established and the only disputed question of fact is whether plaintiffs reasonably relied on any fraud or misrepresentation, as discussed above.
As for Count II and V of the amended complaint (negligence and negligent misrepresentation) as a factual matter the Blochs dispute the defendants’ contention that the statute of limitations for negligence bars those claims, asserting that at least some of the defective work could only have been discovered in 2007. The motion is therefore denied as to Counts II and V.
As for Counts III and IV of plaintiffs amended complaint, defendants contend that any breach of the purchase and sale agreement is not actionable because of the “merger doctrine,” which holds that the acceptance by a purchaser of a deed conveying land, discharges the seller of his contractual obligations under the purchase and sale agreement. But the doctrine only applies to those covenants which pertain “to the main promise to convey contained in a purchase and sale agreement” and not as to collateral obligations. McMahon v. M&DBuilders, Inc., 360 Mass. 54, 59 (1971). In that case, the court explained that covenants in a purchase and sale agreement which are not consistent with the deed as given (such as a failure to convey the entire property identified in the purchase and sale agreement) are annulled by acceptance of a deed, but covenants which relate to matters collateral to the adequacy of the deed itself (such as the covenant to inform the Blochs of any litigation) survive a purchaser’s acceptance of the deed and may be still enforced Id., 59-60. Accordingly, the motion is denied as to Counts III and IV of the amended complaint, as the Bovellis clearly breached the P&S Agreement in regard to a collateral covenant so that the merger doctrine is not applicable.
ORDER
Accordingly, the Bovellis’ motion to amend the third-party complaint (docket #67) is ALLOWED as to Count VII for contribution versus Fragale, Tight Roofing, and Reilly with respect to the counts for negligence and negligent misrepresentation only. The motion to amend the third-party complaint is DENIED as to Counts VIII for indemnification and IX for breach of contract versus the same defendants.[4]
The motion of WCB for judgment on the pleadings to dismiss the third-party complaint (docket #68) is ALLOWED as to Counts II and III for indemnification and breach of contract versus WCB. WCB’s motion for judgment on the pleadings is DENIED as to Count I for contribution versus WCB.
Plaintiffs’ motion for partial summaiy judgment (docket # 58) as to Counts I, II, III and IV for fraud, negligent misrepresentation, breach of contract and negligence, is DENIED. Defendants’ cross-motion for summaiy judgment (docket #69) is DENIED.

This order supersedes the Court’s prior order allowing such amendment.